STATE OF NEBRASKA, APPELLEE, v. RAYMOND L. MOSS, APPELLANT.

191 N. W. 2d 543

Filed November 5, 1971. No. 37871.

Frank B. Morrison, Bennett G. Hornstein, and Raymond L. Moss, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

Defendant was tried and convicted by a jury on charges of sodomy, robbery, and the use of a firearm in the commission of a felony. The occurrences took place in the home of the female victim of the sodomy on the morning of August 8, 1970, between the hours of 6:30 a.m. to 7:30 or 8 o'clock a.m. The robbery occurred when a tradesman victim called at the home to make a delivery while the sodomy was in progress. The defendant was represented in the trial court and in this court by appointed counsel. Defendant has also filed a supplemental pro se brief.

Two assignments of error are made in the brief of counsel for the defendant: (1) The district court committed reversible error in not suppressing the eyewitness identification testimony of State's complaining witnesses after it was established at a pretrial hearing that their in-court identification of the defendant was not independent of their pretrial photographic identification of him involving a police procedure which was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. (2) The district court committed reversible error in not suppressing the eyewitness identification testimony of State's complaining witnesses after it was established at a pretrial hearing that at the time of their photographic identification of the defendant 2 days after the alleged crimes he was in custody and, therefore, entitled to and denied his constitutional right to the presence of counsel at the photographic identification procedure utilized by police as a substitute for a formal lineup.

The court prior to trial held a Wade-Gilbert-Stoval hearing for the purpose of determining whether the

eyewitness identification testimony of the complaining witnesses should be suppressed. At the conclusion of the hearing the trial court found the witnesses' identification of the defendant was independent of their identification by photographs and that their testimony on this point should be admitted.

The record of the pretrial hearing as well as the trial record is before us. This record shows that shortly after and on the day of the occurrence the victim of the sodomy examined a large number of photographs from the police gallery. She picked out one photograph as resembling the perpetrator but made no positive identification. Two days after the occurrence the police, in an apparently unrelated incident, used tear gas to force a person from a house across the street from the witness' home. At that time the defendant came out and the complaining witness positively identified him as the man who had committed the act 2 days earlier. Thereafter the witness examined five photographs which were brought to her home by a police officer. Two of these she identified as the defendant. The witness was in the presence of the accused for an hour to an hour and a half on the day of the occurrence and was in bed with him for a part of that time. At the pretrial hearing she stated that she identified the accused from his having been in her home and that there was no doubt in her mind that he was the man. At the trial the photograph she picked out on the day of the crime (apparently not one of the accused) was introduced in evidence by the defense and the witness acknowledged that it was the photograph she had picked out. She acknowledged she had difficulty identifying Negro males.

The robbery victim testified at the pretrial hearing that on the day of the occurrence he had examined photographs at the police station and had picked out two as being pictures of the man who robbed him. One of these pictures apparently was not of the accused and was offered in evidence by the defense at the trial.

This witness sometime, apparently after the accused was in custody, looked at a series of five photographs brought him by the police and picked out two of these as being the defendant. At the pretrial hearing he was asked if he identified the defendant by virtue of the photographs or from having seen him and he stated: "I recognized him from seeing him up there when he got my money." He testified that he got a good look at the defendant when the accused opened the door at the time of the robbery and also later when the defendant returned to him a watch which the defendant had earlier taken. This witness at the pretrial acknowledged that he reported initially to the police that the robber was about 27 years of age. He was in fact much older. However, one of the defense witnesses testified that the defendant and his teenage son would pass for twins.

Both witnesses identified the accused at trial and at the preliminary hearing. The defendant, a black, was apparently the only black man present on those occasions.

The defense of the defendant was alibi. Two witnesses testified that on the morning of the occurrences he was present in the home of one of the witnesses from shortly after 7:30 a.m.

The defendant's assignment of error No. 1 must be rejected. State v. Randolph, 186 Neb. 297, 183 N. W. 2d 225, governs. There this court, applying pertinent decisions of the Supreme Court of the United States, said: "Each case must be considered on its own facts, and a conviction based on eyewitness identification at trial following pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was to impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

With reference to assignment of error No. 2, the United States Supreme Court has not yet held that the accused is entitled to have counsel at photographic identification. The defendant relies upon United States v. Zeiler,

427 F. 2d 1305 (3d. Cir.), which holds that he is entitled to counsel at such identification. The Second, Fifth, Seventh, Ninth, and Tenth Circuits have held otherwise. See, United States v. Bennett, 409 F. 2d 888; United States v. Ballard, 423 F. 2d 127; United States v. Fowler, 439 F. 2d 133. Until the United States Supreme Court holds otherwise, we adopt the latter rule.

The defendant's pro se brief attacks in general terms the fairness of his trial, questioning largely the eye-witness identifications, and attacks competence of counsel. The record does not support these claims.

AFFIRMED.