STATE OF NEBRASKA, APPELLEE, V. LAWRENCE DOUGLAS
NERO, APPELLANT.

196 N. W. 2d 913

Filed April 27, 1972.   No. 38252.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, SMITH, and NEWTON, JJ., and STUART and BUCKLEY, District Judges.

SMITH, J.

An information charged that Lawrence Douglas Nero had feloniously entered a dwelling in Omaha at night with intent to rob Richard Paul Floen. A jury found him guilty. On appeal the question relates to a pretrial identification by Floen from an exhibit of photographs by a police officer. The identification procedure, Nero contends, was so suggestive that the in-court identification of him by Floen constituted prejudicial error.

Floen was alone at home on December 2, 1970, when he admitted a black female whom he knew. At 8:30 p.m. and upon the ringing of the doorbell, the girl opened the door. Two black males who were strangers to Floen entered. Seizing a telephone, water pitcher, and picture frame, they beat Floen upon the top of his head 20 or 25 times. Floen suffered 4 head wounds that bled. The struggle lasted 10 minutes. The black males then departed in an automobile. Floen noted

the license number which he reported to the police department. The automobile was owned by Nero.

Police Sergeant Raymond Holewinski testified as follows. Nero and a companion, Roscoe Bolden, ages 22, were arrested on December 2, 1970, at 11 p.m. After the arrest Floen, who had been hospitalized, was interviewed by Holewinski. The latter informed Floen that Nero, the owner of the car, was in custody, and that he would return with photographs of the two suspects in custody. At the police station two photographs were taken of each man. Holewinski knew that Nero wore prescription sunglasses, and for one photograph Nero posed wearing them. Holewinski, because of an erroneous estimate of age, obtained three photographs of men in the 25 to 30 age group from the police files.

Holewinski, according to his testimony, returned to the hospital with the seven photographs randomly mixed. Floen had said he was certain he could positively identify the first man who had entered his house. From one of the photographs Floen identified Nero, but he could not identify anyone else. Holewinski did not recall which photograph Floen had selected.

Floen testified that only one of the two black males had been wearing sunglasses, and that he was the second male to enter the house. The only basis of his identification was Nero's face. The sunglasses had fallen to the floor during the struggle. They were not prescription glasses. At the hospital Holewinski gave him five photographs to examine. In the one he selected Nero was wearing sunglasses. Nero had been the second man to enter the house. Floen was the only witness to identify Nero. His testimony in many respects was vague and contradictory. On the whole, however, he repeatedly and positively testified that he based his in-court identification on having seen Nero in his home and not on the photographs.

Part of the foregoing summary was taken from a proceeding prior to the commencement of the prosecu-

tion's case-in-chief. The balance was taken from testimony before the jury, the testimony covering the photographic identification. In the first proceeding the court had overruled a motion to exclude an identification by Floen in the presence of the jury. The judge remarked that he was looking not only at the pictures of Nero and Bolden but also at the pictures of the 25 to 30 age group. All appeared to him to be in the same age group. Only the four pictures of Nero and Bolden were incorporated in the record for us to review.

Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Each case must be considered on its own facts. Simmons v. United States, 390 U. S. 377, 88 S. Ct. 967, 19 L. Ed. 2d 1247 (1968); State v. Moss, 187 Neb. 391, 191 N. W. 2d 543 (1971); State v. Randolph, 186 Neb. 297, 183 N. W. 2d 225 (1971).

The district court rulings challenged by Nero were not prejudicially erroneous. The judgment is affirmed.

AFFIRMED.