Raymond L. MOSS, Appellant,

v.

Charles L. WOLFF, Jr., Warden, Nebraska Penal and Correctional Complex, Appellee.

No. 74-1517.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1974.

Decided Dec. 4, 1974.

---

5. Statement of Facts, Appellant's Brief, p. 11, citing page 84a of the Appendix and, by reference, 145–46 of the Transcript.

**812**

James M. Kelley, Lincoln, Neb., for appellant.

Harold Salter, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellant, Raymond L. Moss, stands convicted in Nebraska state court for sodomy, robbery and the using of a firearm during a felony. The jury conviction was affirmed by the Nebraska Supreme Court. State v. Moss, 187 Neb. 391, 191 N.W.2d 543 (1971). Appellant's initial 28 U.S.C. § 2254 proceeding was stayed pending state post-conviction relief proceedings. The state trial court's denial of post-conviction relief was affirmed. State v. Moss, 191 Neb. 36, 214 N.W.2d 15 (1973). Subsequently, appellant instituted the instant § 2254 proceeding. The trial court[1] held an evidentiary hearing at which appellant Moss testified. The court also considered the transcripts and opinions in the two state court proceedings. Relief was denied. Moss filed this appeal. We affirm.

Appellant's appointed counsel raises several issues on appeal. Appellant has also filed a pro se brief urging some of the same contentions. We find it necessary to discuss fully only the issue concerning the admissibility of alleged improper identification testimony.

The evidence shows that on August 8, 1970, at about 6:30 A.M., a man forced his way into the home of Mrs. Matilda Mrkvicka. The assailant robbed Mrs. Mrkvicka, then ordered her to disrobe, and committed sodomy upon her. Between 7:30 and 8:00 A.M. while the assault was being perpetrated, Mr. Alva Sharp, a deliveryman, arrived at Mrs. Mrkvicka's home. Mr. Sharp was ordered into the house and was robbed at gunpoint. He too was ordered to disrobe. Both victims were closed in the bathroom while the assailant fled.

The record shows that shortly after the assault Mrs. Mrkvicka examined many photographs from the police "mug" files. She was unable to make a positive identification of her assailant. However, two days after the assault, positive identification was made. In an unrelated incident the police had, by using tear gas, flushed the appellant from a house across the street from Mrs. Mrkvicka's. Mrs. Mrkvicka made positive identification of the appellant as the person who had assaulted her two days earlier. Soon thereafter the police brought five colored pictures, including two of appellant, to Mrs. Mrkvicka for her examination. She again identified the appellant as her assailant. She repeated her identification at the preliminary hearing and trial. Mrs. Mrkvicka stated that her identification was based upon the fact that she recognized the appellant as her assailant because of the view she had of him during the crime.

 It is settled that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside if it is shown that the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misi-

---

1. The United States District Court for the District of Nebraska, Honorable Paul X

Williams, Chief Judge, Western District of Arkansas, sitting by designation.

dentification. Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Even so, "an invalid photo display only taints an in-court identification where there is no independent basis for such identification." Evans v. Janing, 489 F.2d 470, 474 (8th Cir. 1973), *citing Simmons, supra*; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *see* Coleman v. Alabama, 399 U.S. 1, 5–6, 90 S. Ct. 1999, 26 L.Ed.2d 387 (1970). Mrs. Mrkvicka's independent basis for identification on the day following the assault is well established in the record. We find no prejudice to appellant here.

 The question of the in-court identification by Mr. Sharp is somewhat closer.

Mr. Sharp testified that on the day of the occurrence he examined many photographs at the police station. The photographs he picked at that time were not of the appellant. Subsequently, the police brought five colored photographs to Mr. Sharp's home for his examination. Mr. Sharp identified the appellant by recognizing that two of the five photos were of the person that robbed him in Mrs. Mrkvicka's home. At the preliminary hearing and at trial Mr. Sharp again identified the appellant as the person who robbed him.

It is true that the procedure here may have been somewhat suggestive. *Compare* Evans v. Janing, *supra*, 489 F.2d at 474–475. Nevertheless, upon careful examination of the record we are satisfied that Mr. Sharp recognized the appellant because of the opportunity he had to observe the appellant during the robbery and not by virtue of the photographs. *See* Coleman v. Alabama, *supra*, 399 U.S. 1 at 5–6, 90 S.Ct. 1999. Under these circumstances it cannot be said that the identification procedure was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons, supra*, 390 U.S. at 384, 88 S.Ct. at 971.

Petitioner's remaining contentions pose alleged trial court error: in in-structing the jury, improper limitation of cross-examination, sufficiency of corroborative evidence, and prosecutorial misconduct. We have reviewed the record concerning these allegations in light of the provisions of 28 U.S.C. § 2254. We agree with the district court's determination that the evidence fails to reveal any basis for relief on these claims.

Affirmed.