**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Jessie Conrad JENNINGS,
Defendant-Appellant.**

**No. 75–1305.**

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 8, 1975.

Decided Dec. 4, 1975.

George T. Gareff, Columbus, Ohio (Court-appointed), for defendant-appellant.

William W. Milligan, U. S. Atty., Thomas D. Thompson, Columbus, Ohio, for plaintiff-appellee.

Before WEICK, EDWARDS and ENGEL, Circuit Judges.

PER CURIAM.

Appellant Jessie Conrad Jennings was arrested and indicted on the charge of bank robbery by use of a dangerous weapon, 18 U.S.C. § 2113(a) and (d). The robbery with which he was charged took place at the First National Bank in Chesterhill, Ohio. After trial, the jury returned a verdict of guilty on December 4, 1974.

Jennings basis for this appeal is that the in court identification of him as a participant in the robbery by several eyewitnesses was tainted by the impermissible and unduly suggestive employment of photographs displayed to the witnesses shortly after the robbery occurred. Specifically, Jennings complains that two of the witnesses who made an in court identification of him, H. Clayton

John and his wife Dorothy John, were shown two groups of photographs shortly after the robbery and that Jennings' picture was the only one to appear in both groups.[1]

The photograph identification procedure was followed up by a lineup procedure at which Jennings was represented by counsel and the fairness of which is not questioned here. That procedure again resulted in Jennings identification by the witnesses involved. At the trial the government relied only upon an in court identification by the eyewitnesses. Evidence of the lineup and of the photographic identification was introduced by the defense.

While recognizing that each case must be considered on its own facts, the Supreme Court in *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) held that "convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States, supra,* 390 U.S. at 384, 88 S.Ct. at 971. At least two other Courts of Appeals have considered situations similar to the one presented here. *Moss v. Wolff,* 505 F.2d 811 (8th Cir. 1974); *United States v. Cooper,* 472 F.2d 64 (5th Cir. 1973), cert. denied, 414 U.S. 840, 94 S.Ct. 96, 38 L.Ed.2d 77 (1973). Both of these cases involved in court identification of the defendant by an eyewitness who had previously identified the defendant in a photograph. In *Cooper, supra,* the witness

as here had been shown two sets of photographs and the defendant's photograph was the only one to appear in both sets. In *Moss, supra,* two witnesses were each shown five photographs of which two were photos of the defendant. While neither court approved the procedure utilized as ideal, both courts concluded that the recurring use of defendant's photograph was not so impermissibly suggestive as to require a reversal of the convictions.

The in-court identification of defendant by both Mr. and Mrs. Clayton was positive and consistent. Each of them affirmatively testified that the in-court identification was not in any way affected by the use of the photographs. The evidence showed that each witness, and particularly Mr. Clayton, had an ample opportunity during the course of the robbery to observe the defendant over an extended period of time. While he wore a hat, defendant was not otherwise disguised. The photographic identification procedure came at a time when the suspect was still at large and shortly after the robbery had occurred. While perhaps the employment of two separate photographs may have fallen short of the ideal procedure for identification, the procedures viewed in their totality met the fundamental test of fairness. Our careful review of the record convinces us that the photographic identification procedure was not so impermissibly suggestive as to give rise to the substantial likelihood of irreparable misidentification, nor do we find any other unfairness or judicial error in the omission of evidence concerning the identification of the accused.

Affirmed.

---

1. The pictures of Jennings used in the two displays were different, one taken in 1972 and the other having been taken in 1968. The reason given by FBI Special Agent Ronald L. Danielson, who testified concerning the identification, was that:

    ". . . well, Exhibit A, which contains one direct shot of Mr. Jessie Conrad Jennings is one taken approximately 1972. The second set contains one older photograph taken approximately 1968, and it contains a profile shot along with a frontal shot, and the reason I put both of them in was because of the newer shot. We tried to get as recent a photograph of the subject as possible, and this was the only photograph available at that time."