FARUQ AL-HAFEEZ, ALSO KNOWN AS RAYMOND L. MOSS, APPELLANT, V. WILLIAM J. FOSTER, SUPERINTENDENT, LINCOLN CORRECTIONAL CENTER, APPELLEE.

329 N.W.2d 573

Filed February 4, 1983. No. 82-441.

Faruq Al-Hafeez, pro se.

Paul L. Douglas, Attorney General, and Shanler D. Cronk, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and MORAN, D.J.

WHITE, J.

The plaintiff was convicted of sodomy, robbery, and the use of a firearm in the commission of a felony. The conviction was affirmed in *State v. Moss,* 187 Neb. 391, 191 N.W.2d 543 (1971). Post conviction relief was denied by the trial court and the denial affirmed in *State v. Moss,* 191 Neb. 36, 214 N.W.2d 15 (1973).

The plaintiff filed his petition for habeas corpus and relief was denied by the District Court. He appeared pro se. Four issues are raised in this appeal. The first three issues relate to the giving or failure to give certain instructions. The trial record was

not introduced as evidence and the instructions are not before us and cannot be considered. We are unable to say whether the instructions were erroneous or whether, if erroneous, they rose to such a violation of constitutional rights as to deny the defendant a fair trial. Habeas corpus is not available to attack mere errors at trial from which a direct appeal could have been taken. *Schleuter v. McCuiston,* 203 Neb. 101, 277 N.W.2d 667 (1979).

The fourth issue raised is the constitutionality of Neb. Rev. Stat. § 28-1011.21 (Cum. Supp. 1969).

The plaintiff was sentenced to a term of from 10 to 15 years for sodomy, a concurrent sentence of from 25 to 30 years for robbery, and a consecutive term of 5 years for the use of a firearm to commit a felony. If the plaintiff were successful, he would remain subject to incarceration for the unserved portions of the remaining charges. The petition was premature and cannot be granted. *Piercy v. Parratt,* 202 Neb. 102, 273 N.W.2d 689 (1979); *Gamron v. Parratt,* 199 Neb. 163, 256 N.W.2d 867 (1977).

The trial court's denial of relief is affirmed.

AFFIRMED.