Taylor v. State.

### FILED JANUARY 23, 1926.  No. 24948.

1. **Criminal Law:** EVIDENCE OF OTHER CRIMES. In a trial on the charge of forgery and of uttering a forged instrument, evidence of similar acts at about the same time may be received to show guilty knowledge or the intent of the accused in the act charged. *Davis v. State*, 58 Neb. 465.

2. ——: ——: INSTRUCTION. Where evidence is offered tending to prove similar acts committed by the accused, the trial court should instruct the jury as to the purpose of such evidence.

3. **Forgery:** PROOF. Where, upon trial for forgery, it is shown that the accused indorsed the name of another on a bank check which was cashed by the prosecuting witness, before a conviction can be had of the crime of forgery, it devolves upon the state to prove that the indorsement was made without the authority of the person whose name was used. Such proof can be made by direct evidence or by circumstances which negative

the idea that the authority to sign another's name was given.

4. **Criminal Law:** PENALTY: HABITUAL CRIMINAL ACT. Section 10177, Comp. St. 1922, provides: "Whoever has been twice convicted of crime, sentenced and commmitted to prison, in this or any other state, or by the United States, or once in this state and once at least in any other state, or by the United States, for terms of not less than one year each, shall, upon conviction of a felony committed in this state after the taking effect of this act, be deemed to be an habitual criminal, and shall be punished by imprisonment in the penitentiary for a term of not less than ten years," etc. *Held*, that the statute is not *ex post facto* as to the conviction prior to its passage, since a criminal cannot be punished under it without conviction of a felony committed after its passage.

5. ————: INFORMATION: HABITUAL CRIMINAL. Where, under a prosecution for felony, the state seeks to have the accused punished as an habitual criminal under section 10177, Comp. St. 1922, it is proper to allege in the information and prove upon the trial that the accused has been previously convicted as provided in said section.

6. **Forgery:** INSUFFICIENCY OF EVIDENCE. The facts, which are set out in the opinion, *held*, not sufficient to sustain a conviction for forgery or uttering and publishing a false and forged instrument.

ERROR to the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Reversed.*

*C. E. Walsh,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *George W. Ayers,* contra.

Heard before MORRISSEY, C. J. DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

Leon Taylor, herein designated defendant, was prosecuted in the district court for Douglas county, Nebraska, upon an information containing three counts. The first count, the usual form of information, charged the defendant with forging the name of "Roy Thomas" on the back of a certain check, specifically described, for the sum of $18, purport-

Taylor v. State.

ing to have been drawn by F. L. Buesche in favor of Roy Thomas. The second count charged the defendant with unlawfully and feloniously uttering and publishing the above-described check, knowing that it was false, forged and counterfeited, with the intention to defraud. The third count charged the defendant with having previously served three terms in the penitentiary, the specific dates and places being set out, and alleged that the defendant was an habitual criminal under the provisions of section 10177, Comp. St. 1922. Upon the trial, the defendant was found guilty on all counts in the information, and was sentenced to serve a term of ten years in the penitentiary. Alleging that there was error upon the trial the defendant brought the record of his conviction to this court for review.

It is urged by the defendant that the facts are not sufficient to support the judgment. The testimony on behalf of the state tends to show that on August 2, 1924, the defendant purchased a pair of shoes from the Berkman Shoe Company, in Omaha, for $8.50; that in payment thereof he tendered a check for $18, dated August 2, 1924, purporting to be drawn by F. L. Buesche on the State Bank of Omaha, in which Roy Thomas was named payee; that the defendant indorsed the name of Roy Thomas on the check and received in exchange therefor the shoes and $9.50 in money. Several witnesses identified the defendant, who is a colored man, as the man who purchased the shoes. One identified him as the person who wrote the name "Roy Thomas" on the check, and another that he saw him writing. The state also produced a witness, who was an expert in handwriting, who on comparison of established handwriting of the defendant with the name of Roy Thomas indorsed on the check gave it as his opinion that the two writings were made by the same hand. The state also produced another witness who testified that on the same day the defendant passed a similar check in another store in Omaha under similar circumstances. The check in question was returned to the Berkman Shoe Company with a memorandum attached, "No such account." Some months after

the defendant was arrested, and the shoes were found in his possession, being identified by numbers on the linings.

The defendant denied that he ever had the check in his possession or that he ever indorsed it. He testified that on that date he had a crippled hand and was not able to write. In this respect he was corroborated by a doctor who attended him, who testified that, if the defendant could write at all, it would be with great difficulty. He explained the possession of the shoes by saying that, after he had selected them, he subsequently sent a lady for them and gave her the cash to pay for them.

Assuming that the proof is sufficient to present the question for the jury's determination as to whether defendant indorsed the name "Roy Thomas" on the check, the question is then presented whether the state has made out a case of forgery. It is a matter of common experience that in business transactions one man often signs the name of another to checks and notes. In such cases the presumption is that the signer has authority to sign the name. It was incumbent on the state to overcome the presumption that the defendant was authorized to sign the name "Roy Thomas" on the check. Although the testimony indicates that Buesche and Thomas were real persons, no attempt was made to show that the check was other than what it purported to be. It was not shown that the check was a false instrument, as was done in the case of *Taylor v. State,* p. 263, *post,* the same defendant. Neither was it shown that Roy Thomas never authorized the defendant to indorse the check. The fact that the defendant denied having indorsed the check did not relieve the state of the burden of showing by direct testimony or by circumstances that he was not authorized to sign it. If it had been shown that Thomas was a fictitious person, or that the check was a false instrument, then it might have been a proper inference for the jury to draw that the signature was not authorized.

The precise question we are now discussing has been presented to the courts of last resort in several states, and it is held that proof of signing the name of another and ob-

taining money thereon is not sufficient to show that a forgery has been committed.

In *State v. Swan,* 60 Kan. 461, it was held:

"Where it is shown that the defendant signed the name of another to a bank check which was cashed by the prosecuting witness, before a conviction can be had of the crime of forgery, * * * it devolves upon the state to prove that the accused signed the same without authority from the person whose name he used."

In *Romans v. State,* 51 Ohio St. 528, it was held: "In a prosecution for the forgery of a promissory note, when the defendant admits the making of the signature, the burden is not on him to prove that he had authority. In such case the burden remains on the state to prove that it was without authority, before a conviction can be had."

In *People v. Lundin,* 117 Cal. 124, it was said: "Upon the trial of a defendant accused of the forgery of a check, by signing the name of another thereto, the prosecution must prove that the defendant was not authorized to sign such name, and, until this proof is made, it is not shown to be a false instrument and the defendant is not put to his proof at all; and where a verdict of conviction is found, in the absence of such proof, it will be set aside as unwarranted by the evidence."

The last above-cited case was again before the court on a rehearing (120 Cal. 308) and, while the principle of law was adhered to, it was held that the facts were sufficient to justify the jury in believing that forgery had been committed. We are of the opinion that the proof fails to show that a forgery was committed or that defendant uttered and published a false and forged instrument.

It is next urged that the court erred in permitting evidence tending to show that defendant had committed similar offences at about the same time that the offence in question was committed. As a general rule such testimony is incompetent, but there are a number of exceptions to the rule which have been recognized by this court, and forgery is one of them. In *Davis v. State,* 58 Neb. 465, it was held:

"In a trial on the charge of uttering forged instruments, evidence of similar acts on the same day may be received to show the guilty knowledge or the intent of the accused charged in the act."

In a recent case, *Welter v. State*, 112 Neb. 22, the rule was extended to cover the charge of burglary. In *Abbott v. State*, 113 Neb. 524, on a charge of sodomy, the general rule was not extended, and it was held that the court erred in admitting evidence of similar acts. In cases where such evidence is admissible, the court should instruct the jury as to the purpose of such evidence. *Knights v. State*, 58 Neb. 225; *Davis v. State*, 58 Neb. 465. In the case before us, no instruction was asked with reference to the purpose of the evidence of similar offences, and error cannot be predicated upon the failure of the court to instruct upon that phase of the case. *Welter v. State*, 112 Neb. 22.

It is also urged that the court erred in permitting evidence tending to establish the allegations set forth in count three of the information. This count was based on section 10177, Comp. St. 1922, which in part reads as follows:

"Whoever has been twice convicted of crime, sentenced and committed to prison, in this or any other state, or by the United States, or once in this state and once at least in any other state, or by the United States, for terms of not less than one year each, shall, upon conviction of a felony committed in this state after the taking effect of this act, be deemed to be an habitual criminal, and shall be punished by imprisonment in the penitentiary for a term of not less than ten years."

It is argued by the defendant that it was greatly to his prejudice to have the matter of his previous conviction set out in the information. While it probably was not necessary to set out the fact of the former conviction in a separate count, we think it was proper to call the court's attention to the facts in the information. If the state desired to have the defendant punished under the habitual criminal statute, it was necessary to show that the defendant was the identical person named in the previous con-

victions.   In this connection it is urged by the defendant that, his previous conviction having taken place before the enactment of section 10177, the provisions of the statute could not be made to apply; that to do so would make its provisions *ex post facto* and unconstitutional.   We do not consider that the act can in any proper sense be regarded as *ex post facto*, and for that reason unconstitutional.   The statute deals with offenses committed after its passage, permits an inquiry whether the accused has previously served terms in the penitentiary, and in fixing the penalty does not punish  him for his previous offences but for his persistence in crime.   Similar statutes are in force in a number of states and, so far as our inquiry goes, have uniformly been upheld.   *Ex parte Gutierrez,* 45 Cal. 429; *Kelly v. People,* 115 Ill. 583; *Ingalls v. State,* 48 Wis. 647; *People v. Stanley,* 47 Cal. 113; *Commonwealth v. Graves,* 155 Mass. 163.

Upon a review of the record, we conclude that the facts are not sufficient to sustain the verdict and judgment.   The judgment is reversed and the cause remanded for further proceedings.

REVERSED.

Note—See Criminal Law, 16 C. J. secs. 1163, 2157, 3151, 3161.

---

LEON TAYLOR V. STATE OF NEBRASKA.

FILED JANUARY 23, 1926.   No. 24947.

Forgery:   EVIDENCE:   QUESTION FOR JURY.   Where one is charged with forging the name of the payee in a check by indorsing the name of such payee thereon, and with uttering and publishing a false and forged instrument, and ,where the maker of the check testifies he never issued the check, or authorized any one to do so, that he did not know the payee named in the check, and that the check was a false instrument, and where the testimony tends to show that the accused indorsed the name of the payee on the check, and passed the check as a genuine instrument, such facts present a question for the jury to determine whether the offense charged has been sufficiently made out.