DAVID O. BROWN v. STATE OF NEBRASKA.

FIILED MARCH 9, 1927.   No. 25602.

**Forgery:** PROOF.   Where one is informed against for forging the name of another to an instrument, it is incumbent upon the state at the trial to prove by direct or circumstantial evidence that he signed the name of such other person without authority.

ERROR to the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*Edward F. Hannon* and *Prince & Prince,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Donald Gallagher, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

This is an action brought in the district court for Custer county wherein David O. Brown, plaintiff in error, hereinafter called defendant, was informed against for that he did in such county falsely make, forge, and counterfeit a certain receipt for goods with intent to defraud. To this information he entered a plea of not guilty. Trial was had and judgment entered by which he was sentenced to serve a term in the penitentiary. To reverse this judgment the defendant prosecutes error.

It is urged as ground for such reversal that the verdict and judgment are without evidence to support them, and are contrary to law.

The record reflects the following facts as proved: That Will Mullen caused to be sent by express from Omaha, Nebraska, two packages of merchandise consigned to P. J. Martin at Anselmo, Nebraska; that, as is the custom in such cases, a duplicate receipt was executed by the express company, one copy thereof retained by it and forwarded with the packages and the other delivered to the consignor,

and at the bottom of each thereof was a blank space for the signature of the consignee, to be by him placed thereon at the destination office on receiving the consignment; that on the morning of the day in question the defendant appeared at the express office in Anselmo and presented the consignor's duplicate receipt, demanded the goods covered thereby, signed the name of P. J. Martin, the consignee, to the duplicate receipt transmitted with the packages, paid the charges, and received the goods in question; the local agent at the time being unacquainted with the defendant, and believing him to be P. J. Martin, the consignee. It was further proved that the defendant was not known in that community by any other or different name than that of David O. Brown. The evidence does not show P. J. Martin, the person named as consignee, to be known by either party, or in the community of Anselmo.

In furtherance of his plea of not guilty, the defendant interposed proof tending to establish an alibi, and, testifying in his own behalf, denied having any knowledge of the transaction in question, or that he was present at the time.

It will be seen that the forgery charged in this case is that arising from the defendant signing the name "P. J. Martin" to the receipt in question, and receiving the property by reason thereof. Where one is informed against for forging the name of another to an instrument, it is incumbent upon the state at the trial to prove by direct or circumstantial evidence that he signed the name of such other person without authority. *Taylor v. State,* 114 Neb. 257. In the instant case, the state failed to meet this burden either by direct or circumstantial evidence, and it was error not to so instruct the jury.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED.