### GEORGE LUNSFORD v. STATE OF NEBRASKA.

FILED MARCH 10, 1933. No. 28643.

*John Wiltse* and *James E. Leyda,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *George W. Ayres, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY and DAY, JJ.

GOOD, J.

Plaintiff in error, hereinafter called defendant, brings to this court for review the record of his conviction of the crime of forgery. The principal assignment of error relied upon for reversal is that the evidence is insufficient to sustain the conviction.

The information charged the forging of a check for $3.50. Defendant was designated as payee in the check, and the name of his father was appended thereto as maker. Defendant admits that he signed his father's name to the check and uttered it, but contends that he had his father's authority so to do. Defendant so testified. The state called defendant's father as a witness to prove lack of authority on the part of defendant. The father testified that his son had authority to sign the check; that he knew of the check, the amount thereof, to whom it was made payable, and that he caused payment of the check to be stopped because it was given for intoxicating liquor. It appears from the evidence that on several other occasions the son had signed his father's name to checks which had been paid either by the bank on which drawn, or by the father.

To sustain a conviction of forgery, it is not sufficient to show that the person charged wrote another's name, but it must appear affirmatively that it was done without the authority of the person whose name was signed to the instrument.

In *Taylor v. State*, 114 Neb. 257, it was held: "Where, upon trial for forgery, it is shown that the accused indorsed the name of another on a bank check which was cashed by the prosecuting witness, before a conviction can be had of the crime of forgery, it devolves upon the state to prove that the indorsement was made without the authority of the person whose name was used."

We conclude that the evidence is wholly insufficient to show that the defendant signed his father's name to the check in question without the latter's authority.

The judgment of conviction is therefore reversed and the cause remanded.

REVERSED.