## Commonwealth ex rel. Wall *v.* Smith et al.

OPINION BY MR. JUSTICE MAXEY November 25, 1942:

Frank Wall, an inmate of the Eastern Penitentiary, petitions for a writ of habeas corpus, averring that he is unjustly deprived of his liberty. On March 10, 1930, he received a minimum sentence of five years on one conviction for the larceny of an automobile and on March 11, 1930, he received a second sentence of two years for larceny of another automobile, the two sentences to be served consecutively. The maximum sentence in each case was double the minimum.

He states that when he was first sentenced to the penitentiary in March, 1930, his two sentences were "lumped into one" and since this was improper under our decision in *Commonwealth ex rel. Lynch v. Ashe,* 320 Pa. 341, 342, 182 A. 229, and since on the expiration of his first minimum sentence he "requested of Warden Smith a parole application and was refused on the ground that his minimum was 7 years" (this figure having been arrived at by "lumping" the minimum of the two sentences imposed) his imprisonment now as a parole violator is illegal.

There is no merit in this contention. If the relator was denied his right to apply for a parole at the expiration of the minimum term of his first sentence, it does not follow that this denial of that right makes his present imprisonment illegal. If he had been granted a parole at the expiration of his first minimum sentence

he would not have been then released from imprisonment but would have begun the serving of his second sentence. In fact, the relator *was* released from imprisonment on parole after he had served 7½ years of his "lumped" sentences, "subject to a balance of 6½ years on parole". Thus he was released on parole at approximately the same time he would have been so released had he been paroled at the end of his first minimum sentence and also later at the end of his second minimum sentence.

On December 20, 1937, the relator was sentenced to a term of from 2½ to 5 years in the Eastern Penitentiary, after pleading guilty to a charge of being armed with an offensive weapon with intent to rob. Upon entering the penitentiary he was declared a parole violator under section 10 of the Act of June 22, 1931, P. L. 862, amending the Parole Act of June 19, 1911, P. L. 1055, and its amendments. Relator contends that section 10 of the Act of 1931 "is not applicable in this case inasmuch as he was [first] sentenced [in 1930] prior to the enactment of the said provision" and that section 10 "is violative of the ex post facto clause of the Federal Constitution". Relator further sets forth: "that as of December 20, 1937, he was declared a parole violator under a balance of six and one half years, and under a personal protest to Warden Smith, the six and one half years was reduced, by some dubious process, to three years 11 months and 29 days, which represents the unserved portion of the sentence imposed on March 11, 1930, and at the expiration of the above term he was reentered on December 6, 1941, and given a new number to begin serving the sentence imposed on December 20, 1937."

The relator's basic contention is that his imprisonment now as a parole violator is illegal because the sentence he was serving when paroled in September, 1937, was imposed before section 10 of the Act of 1931 became a law. This contention must be rejected. Sec-

tion 10 provides that "if any convict released on parole, . . . shall, during the period of *his* or *her* parole, or *while delinquent on said parole, commit* any crime punishable by imprisonment, *for which he or she is at any time thereafter convicted in any court of record* and sentenced . . ." he must be returned to prison and serve "the remainder of the term" in addition to serving the term imposed for the crime whose commission breached the conditions of his parole. This section 10 does not differ from section 10 of the Parole Act of June 19, 1911, in any way prejudicial to the rights of this relator. Under the former act, as well as under the later act, he could have been returned to the penitentiary as a parole violator because of his 1937 crime. Even if there had been no such act prior to 1931, this relator could be lawfully imprisoned as a parole violator under the later act, because by the crime he committed while on parole in 1937, he subjected himself to the penalties then in force, which were imprisonment according to the sentence imposed for the 1937 crime, and recommitment to the penitentiary for breach of the conditions on which he had been released on parole.

This relator is in no position to invoke the constitutional prohibitions against the enactment of ex post facto laws. Such a law is one which makes a crime of an act which when committed was not a crime or a law which increases the punishment for an act already committed. When this relator was granted a parole in September, 1937, he was simply released from prison on specified conditions. This release was at all times revocable for breach of its conditions. When such a breach occurred by this relator's criminal act three months later, the state had a right to demand the serving of the balance of his sentence *in the penitentiary* instead of serving it *outside* the penitentiary and under the technical custody of the state and under the supervision of parole officers. He forfeited his qualified liberty by his misconduct. He is now serving the sentence lawfully imposed on him on December 20, 1937.

Every petition for a writ of habeas corpus filed by a person who is being deprived of his liberty presents the question: "Hath this party probable cause to be delivered?" * This question must be here answered in the negative.

The writ is refused.

---

* 3 Blackstone 132; *Commonwealth ex rel. McGlinn v. Smith*, 344 Pa. 41, 47.