SWAIN, Acting P. J.
 

 The complaint charged that on February 3,1959, the defendant violated Vehicle Code, section 502 (driving while under the influence of intoxicating liquor). It further charged that on February 3, 1953, she was convicted of violating the same section. The prior was admitted and upon trial the defendant was convicted. She was sentenced to five days in jail and to pay a fine of $300 plus a $15 penalty. The fine was paid. After pronouncing sentence the court made the following order: “It is further ordered by the Court that the above mandatory jail sentence of ‘five days in the County Jail upon a second or any subsequent conviction by imprisonment in the County Jail for not less than five days’ is not applicable in this ease and need not be served in view of the fact that defendant’s admission of a prior conviction was on or about February 3, 1953, and previous to the enactment of the amendment to section 502 of the Vehicle Code effective September 7, 1955, and thus said 5 days sentence is ordered arrested.” Both the judgment as pronounced and the above-quoted order were entered in the minutes, the judgment first and the order immediately thereafter. The People appeal from the order arresting the five days’ sentence on the ground that it is an order arresting judgment and an order after judgment affecting the substantial rights of the People. (Pen. Code, § 1466, subds. (d) and (e).)
 

 The respondent claims that the order is a part of the judgment and that an appeal by the People after trial on the merits is not authorized by the above section of the Penal Code. Inasmuch as the order was one arresting judgment and is therefore appealable, it is immaterial whether it was an order made after judgment. The fact that the notice of appeal refers to section 1238 of the Penal Code instead of section 1466 is immaterial. A notice of appeal is to be liberally construed and there is no uncertainty as to what order is appealed from. It was not necessary that the notice state whether it was an order arresting judgment or an order made after judgment.
 

 The trial court erred in holding that the 1957 amendment of Vehicle Code, section 502, making a jail sentence of
 
 *Supp. 842
 
 at least five days mandatory upon a second conviction of violating said section did not apply because the defendant’s prior conviction was February 3, 1953. Prior to February 3, 1959, the day the defendant committed the present offense, the Legislature had made a jail sentence mandatory if it was a second offense. This did not increase the penalty for the 1953 violation but established a more severe penalty for a 1959 violation.
 
 (People,
 
 v.
 
 Atkinson
 
 (1953), 115 Cal.App.2d 425 [252 P.2d 67].)
 

 In arresting judgment the court attempted to suspend the execution of the sentence. This was error, for the 1957 amendment of Vehicle Code, section 502, provides: “ (c) Any person convicted of a second or subsequent offense under this section shall not be granted probation by the court, nor shall the court suspend the execution of the sentence imposed upon such person.”
 

 The order is reversed.
 

 Huls, J., and David, J., concurred.