STATE OF NEBRASKA, APPELLEE, v. ELWOOD STEEMER,
APPELLANT.

121 N. W. 2d 813

Filed May 24, 1963. No. 35422.

William A. Day, for appellant.

Clarence A. H. Meyer, Attorney General, and Cecil S.
Brubaker, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER,
SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

On October 9, 1962, defendant was convicted in the
district court for Douglas County for operating a motor
vehicle at a time when his motor vehicle operator's
license was suspended, contrary to section 60-418, R. R.
S. 1943. The court found that defendant had been con-
victed of the same offense in 1957 under the same sec-
tion of the statute. Pursuant to section 60-430.01, R. R.
S. 1943, defendant was sentenced to serve 6 months in
the county jail and was ordered not to operate a motor
vehicle for a period of 2 years from the date of his re-
lease from jail. The defendant has appealed.

It is the contention of the defendant that the trial
court erred in sentencing the defendant as a second

offender. At the time of defendant's first conviction in 1957, the existing penalty statute, section 60-430, R. R. S. 1943, did not provide for an increased penalty for a second offense. After defendant's conviction in 1957, the Legislature enacted section 60-430.01, R. R. S. 1943, which increased the penalty to be imposed on all convictions subsequent to the first one.

Section 60-430.01, R. R. S. 1943, provides: "Any person who shall be convicted of operating a motor vehicle during any period that his motor vehicle operator's license has been suspended or revoked pursuant to any law of this state, or after such suspension or revocation but before reinstatement of his license or issuance of a new license, shall, upon conviction thereof, be punished as follows: (1) For a first such offense, such person shall be imprisoned in the county jail for thirty days, and the court shall, as a part of the judgment of conviction, order such person not to operate any motor vehicle for any purpose for a period of one year from the date of his final discharge from the county jail; and (2) for each subsequent such offense, such person shall be imprisoned in the county jail for six months, and the court shall, as a part of the judgment of conviction, order such person not to operate any motor vehicle for any purpose for a period of two years from the date of his final discharge from the county jail."

The defendant argues that the words "who shall be convicted," not being in the past tense, do not authorize the court to consider a conviction for the same offense occurring before the effective date of the new penalty statute. The statute defines but one offense. It provides different penalties upon conviction, depending upon whether or not the person found guilty has previously been convicted of the same offense. The words "who shall be convicted" apply to the offense and not to the penalty. The position of the defendant on this point cannot be sustained.

Defendant asserts that to permit the use of a con-

viction had before the enactment of section 60-430.01, R. R. S. 1943, to enhance the penalty for a conviction had thereafter, has the effect of giving the statute an ex post facto application. In support of this proposition he cites In re Estate of Rogers, 147 Neb. 1, 22 N. W. 2d 297, as follows: "An ex post facto law is one which imposes a punishment for an act which was not punishable when it was committed, imposes additional punishment, or changes the rules of evidence, by which less or different testimony is sufficient to convict." The foregoing is a correct exposition of the law but it has no application to the present case. The defendant was convicted of the same offense under the same statute in his first and second convictions. The penalty for a second conviction was in existence when he committed the second offense; it was not increased after his offense was committed. It is not therefore an ex post facto act.

This contention of defendant was considered in Taylor v. State, 114 Neb. 257, 207 N. W. 207, as follows: "In this connection it is urged by the defendant that, his previous conviction having taken place before the enactment of section 10177, the provisions of the statute could not be made to apply; that to do so would make its provisions ex post facto and unconstitutional. We do not consider that the act can in any proper sense be regarded as ex post facto, and for that reason unconstitutional. The statute deals with offenses committed after its passage, permits an inquiry whether the accused has previously served terms in the penitentiary, and in fixing the penalty does not punish him for his previous offences (sic) but for his persistence in crime. Similar statutes are in force in a number of states and, so far as our inquiry goes, have uniformly been upheld. (Citing cases.)" See, also, Haffke v. State, 149 Neb. 83, 30 N. W. 2d 462; Thompson v. Thompson (N. D.), 78 N. W. 2d 395; People v. Andrews, 170 Cal. App. 2d Supp. 840, 339 P. 2d 648; State v. Staples, 100 N. H. 283, 124 A. 2d 187; Drumn v. State (Okl.), 318 P. 2d 893. It will

be noted that some of the foregoing cases involved statutes containing the prospective language "shall be" which defendant mistakenly contends prevents the use of convictions as first offenses had before the amendment of section 60-430, R. R. S. 1943, and the enactment of section 60-430.01, R. R. S. 1943.

For the reasons stated, the trial court correctly applied the controlling statutes in fixing defendant's sentence and its judgment is affirmed.

AFFIRMED.