# Richmond

RICHARD WARREN LEWIS v. COMMONWEALTH OF VIRGINIA.

September 1, 1972.

Record No. 7936.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

James D. Hundley (Hundley, Taylor & Glass, on brief), for plaintiff in error.

Gilbert W. Haith, Assistant Attorney General (Andrew P. Miller, Attorney General, on brief), for defendant in error.

Per Curiam.

Richard Warren Lewis (defendant or Lewis) waived a trial by jury and was convicted of forgery and uttering a forged check. Jimmy Harris was the purported maker of the check which was drawn on the Bank of Virginia. Lewis was sentenced to serve a term of four years in the penitentiary on the forgery conviction. Imposition of sentence was suspended on the uttering conviction. We granted a writ of error.

Lewis' convictions rest solely on the testimony of a bank teller that the body and signature on the check which Lewis attempted to cash were in Lewis' handwriting. Harris was not called as a witness and the record fails to account for his absence. The record even fails to disclose whether Harris had an account at the bank.

This evidence is not sufficient to sustain the burden resting on the Commonwealth to prove the falsity of the check. Where one signs the name of another to a check it is presumed, in the absence of other evidence, that he has authority to do so. The burden was upon the Commonwealth not only to prove that Lewis signed Harris' name as maker of the check but the evidence must establish that this was done without authority. *Lawson* v. *Commonwealth*, 201 Va. 663, 667, 112 S.E.2d 899, 901-02 (1960); *Owen* v. *People*, 118 Colo. 415, 195 P.2d 953 (1948); *Taylor* v. *State*, 114 Neb. 257, 207 N.W. 207 (1926).

The judgments of conviction are therefore reversed and the cases remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*