NOLAN L. BERRY, JR., APPELLANT, V. CHARLES L. WOLFF, WARDEN, NEBRASKA PENAL COMPLEX, APPELLEE.
228 N. W. 2d 885

Filed May 8, 1975. No. 39777.

T. Clement Gaughan and Richard L. Goos, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is a habeas corpus proceeding wherein the question presented is whether the application of section 83-1,111 (5), R. R. S. 1943, as amended in 1972, is ex post facto as to the defendant who had been convicted and placed on discretionary parole before the amendment was effective. Judgment was entered against the defendant in the District Court and it is affirmed.

Section 83-1,111 (5), as amended in 1972, provided for mandatory parole and then stated: "Nothing herein shall require the mandatory parole of an offender who has violated a discretionary parole within twelve months of the date when his parole would otherwise be mandatory." The former act limited the 12-month period to 3 months.

Defendant violated his parole *after* the amended act became effective. The violation occurred within the 12-month period but not within the 3-month period and defendant contends he is entitled to be released.

It is generally held that where an offense is committed prior to a statutory change, the amendment is not applicable. See, State ex rel. Woodward v. Board of Parole, 155 La. 699, 99 So. 534; Love v. Fitzharris, 460 F. 2d 382 (9th Cir., 1972).

The foregoing rule is not applicable where a defendant on parole commits another offense or otherwise violates his parole *after* the amendatory statute has become effective. Somewhat analogous are statutes increasing second-offense penalties after a first conviction but before a second. Such acts are not ex post facto when applied to a second offense. See, State v. Steemer, 175 Neb. 342, 121 N. W. 2d 813; Oliver v. United States, 290 F. 2d 255 (8th Cir., 1961). The same is true regarding convictions prior to the passage of an habitual criminal act. See Taylor v. State, 114 Neb. 257, 207 N. W. 207.

There are other decisions directly in point. In Commonwealth ex rel. Wall v. Smith, 345 Pa. 512, 29 A. 2d 912, it was held: Where relator was released on parole after he had served 7½ years of lumped consecutive 5 and 2 year minimum sentences, with 10 and 4 year maximums, and after pleading guilty to a felony was declared a parole violator under the amendment to the parole act requiring such violators to serve the remainder of their terms in addition to the term imposed for the crime whose commission breaks the parole, relator's imprisonment as a parole violator was not illegal because the

sentence he was serving when he was paroled was imposed before the amendment was enacted, where the amendment did not differ from act effective when relator was first sentenced and was enacted prior to commission of the later felony.

In State ex rel. Kincaid v. State Parole Board, 53 N. J. Super. 526, 147 A. 2d 817, it is held: "The State may, with full propriety, after releasing a prisoner on parole, adopt legislation which tells him, in effect, that if he subsequently commits a crime the revocation of his parole will be attended with the penalty of service of a greater portion of original sentence than that fixed by law when he was paroled. * * *

"Statutory amendment relative to parole violations providing for service of greater portion of original sentence than that fixed by law in effect at time of previous paroles was not violative of paroled prisoner's constitutional rights so long as punishment for previously committed crime was not increased." See, also, Gildea v. Commissioner of Correction, 336 Mass. 48, 142 N. W. 2d 400; Annotation, 95 A. L. R. 2d, § 16, p. 1290.

The judgment of the District Court is affirmed.

AFFIRMED.