ROBERT L. GAMRON, APPELLANT, v. ROBERT F. PARRATT, WARDEN, NEBRASKA PENAL AND CORRECTIONAL COMPLEX, APPELLEE.

256 N. W. 2d 867

Filed August 3, 1977. No. 41092.

T. Clement Gaughan and Richard L. Goos, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, for appellee

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCown, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

In this action Robert L. Gamron, appellant, brought a habeas corpus proceeding against the appellee warden contending under the provisions of Laws 1975, L. B. 567, he had completed and served the time required to be served by him. The court sustained appellee's motion to dismiss on the premise that the question involved could not be raised in a habeas corpus action, and also L. B. 567 could not be applied retroactively. We reverse.

The question of the retroactive application of the provisions of L. B. 567 was decided in Johnson and Cunningham v. Exon, *ante* p. 154, 156 N. W. 2d 869 (1977). We there held that the provisions of Laws 1975, L. B. 567, do have retroactive application if they are approved by the Board of Pardons. That case decides this issue and is controlling herein.

The second issue raised is that habeas corpus is not a proper remedy herein. The State contends that to release a person from a sentence of imprisonment by habeas corpus, it must appear that the sentence was absolutely void. It is true, most of the cases involving sentences of imprisonment which have reached this court have involved the question of a void sentence. The appellant herein is not attacking the validity of his sentence as were the appellants in the cases cited by the State. In this action Gamron contends he has served his sentence and is entitled to be discharged. He is entitled to a hearing on this issue.

Gamron v. Jones, 148 Neb. 645, 28 N. W. 2d 403 (1947), determined habeas corpus will not lie to secure the release of a prisoner until the sentence imposed is served. If the petitioner has served his sentence he is being illegally held and habeas corpus is a proper remedy.

In Berry v. Wolff, 193 Neb. 717, 228 N. W. 2d 885 (1975), an inmate claimed he was being held in the Penitentiary past his mandatory release date. He

sought relief by habeas corpus. Relief was denied him in the District Court. We accepted the appeal. While the judgment was affirmed, we did not suggest habeas corpus was not the appropriate remedy.

The petitioner-appellant herein has alleged facts which if true would entitle him to his discharge. He is therefore within the ambit of our decision in Tail v. Olson, 145 Neb. 268, 16 N. W. 2d 161 (1944), in which we said: "In an application for a writ of habeas corpus if the applicant or petitioner sets forth facts which, if true, would make out a case which would entitle him to his discharge, then the writ is a matter of right and the petitioner should be produced and a hearing held thereon to determine the question of fact presented."

The judgment herein is reversed and the cause is remanded to the District Court for a hearing in conformity with this opinion.

REVERSED AND REMANDED.

McCOWN, J., concurring in result only.

I concur in the result only. See my concurring opinion in Johnson and Cunningham v. Exon, *ante* p. 154, 256 N. W. 2d 869.

CLINTON, J., concurring in the result.

I concur in the result for the reason stated in the concurrence of McCown, J., in Johnson and Cunningham v. Exon, *ante* p. 154, 256 N. W. 2d 869.