STATE OF NEBRASKA, APPELLANT, V. WALTER H. RADCLIFFE, APPELLEE.

424 N.W.2d 608

Filed June 17, 1988.   No. 87-645.

Robert M. Spire, Attorney General, and William L. Howland, and Michael G. Heavican, Lancaster County Attorney, and John A. Colborn, for appellant.

Alan E. Peterson of Cline, Williams, Wright, Johnson & Oldfather, for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

CAPORALE, J.

As the result of an effort to initiate an amendment to the Constitution of this state so as to permit a state-run lottery,

defendant-appellee, Walter H. Radcliffe, was charged with hiring and paying a salary to circulators of initiative petitions, once on June 26, 1986, and again on July 2, 1986, in violation of Neb. Rev. Stat. §§ 32-705 (Cum. Supp. 1986) and 32-713 (Reissue 1984). The district court sustained Radcliffe's motion to quash the information on the ground, inter alia, that the portion of § 32-705 Radcliffe is charged with having violated abridges his freedom of speech and thus violates the first amendment to the U.S. Constitution. The plaintiff State excepted to the district court's ruling and, pursuant to leave, appealed to this court under the provisions of Neb. Rev. Stat. § 29-2315.01 (Reissue 1985). We overrule the State's exception.

The citizens of this state are empowered by Neb. Const. art. III, § 2, to initiate constitutional amendments to be "adopted by the people independently of the Legislature . . . by petition . . . . signed by ten per cent of [the electors of the state] . . . so distributed as to include five per cent of the electors of each of two-fifths of the counties of the state . . . ." Neb. Const. art. III, § 4, provides that the "whole number of votes cast for Governor at the general election next preceding the filing of an initiative . . . petition shall be the basis on which the number of signatures to such petition shall be computed." This section further outlines the method by which an initiated constitutional amendment is to be placed before the electorate for adoption or rejection.

The statutory language in question is part of the legislative scheme implementing the initiative process, which is mainly found at Neb. Rev. Stat. §§ 32-702 through 32-713.01 (Reissue 1984 & Cum. Supp. 1986). The portion of § 32-705 (Cum. Supp. 1986) at issue reads: "Any circulator circulating petitions under sections 32-702 to 32-713 shall not be hired and salaried for the express purpose of circulating petitions." Section 32-705 does, however, permit paying a circulator those "expenses incident to circulation of petitions, such as meals, travel, and lodging." Section 32-713 (Reissue 1984) provides that any person "willfully violating any provision of sections 32-702 to 32-713, shall be guilty of a Class IV felony." We recognize that by the enactment of 1988 Neb. Laws, L.B. 716, which becomes effective July 9, 1988, the Legislature will have changed certain

portions of the language under consideration. Those changes, however, are not material to our inquiry, for not only does the enactment itself provide that the changes it makes shall not apply to prior offenses, which "shall be construed and punished" according to the law existing at the time of the offense, but the definition of a crime is controlled by the statute in effect at the time of the offense charged. See, *State v. Tully*, 226 Neb. 651, 413 N.W.2d 910 (1987); *State v. Country*, 194 Neb. 570, 234 N.W.2d 593 (1975); *Berry v. Wolff*, 193 Neb. 717, 228 N.W.2d 885 (1975); *Debney v. State*, 45 Neb. 856, 64 N.W. 446 (1895).

U.S. Const. amend. I provides in part that "Congress shall make no law . . . abridging the freedom of speech . . . ." That guarantee is made applicable to the states by the requirement of U.S. Const. amend. XIV that no state "deprive any person of . . . liberty . . . without due process of law . . . ." *Meyer v. Grant*, 56 U.S.L.W. 4516 (U.S. June 6, 1988) (No. 87-920); *First National Bank of Boston v. Bellotti*, 435 U.S. 765, 98 S. Ct. 1407, 55 L. Ed. 2d 707 (1978); *Wood v. Tesch*, 222 Neb. 654, 386 N.W.2d 436 (1986).

The U.S. Supreme Court, in *Meyer v. Grant, supra*, recently reaffirmed that the freedom of speech guaranteed by the first amendment embraces at least the liberty to discuss publicly and truthfully all matters of public concern without previous restraint or fear of subsequent punishment. The *Meyer* Court went on to observe that the circulation of an initiative petition of necessity involves both the expression of a desire for political change and a discussion of the merits of the proposed change. Recognizing that a petition circulator need not necessarily persuade a potential petition signer that a particular proposal should prevail, the Court observed that, nonetheless, a circulator would, in order to obtain a signature, at least have to persuade a potential signer that the matter is one deserving of the public scrutiny and debate that would attend its consideration by the whole electorate. The Court reasoned that in almost every case this will involve an explanation of the nature of the proposal and why its advocates support it, and thus concluded that the circulation of an initiative petition "involves the type of interactive communication concerning

political change that is appropriately described as 'core political speech.' " 56 U.S.L.W. at 4518. As such, statutes limiting the power of the initiative are to be " 'closely scrutinized and narrowly construed.' " *Id*. Accordingly, the *Meyer* Court ruled that a Colorado statute which contained an absolute ban on the compensation of circulators violated the first amendment and was thus void.

The Court noted that it is often more difficult to get people to work without compensation than it is to get them to work for pay. Proceeding from that premise, the *Meyer* Court concluded that the Colorado statute restricted political expression both by limiting the number of circulators and, thus, the size of the audience reached by those who sought to initiate an amendment to the Colorado Constitution so as to exempt motor carriers from certain regulation, and by reducing the likelihood of garnering the number of signatures required to place the issue on the ballot, thereby limiting the ability of its proponents to make the issue the focus of statewide discussion.

The Court rejected the notion that whatever burden the Colorado statute imposed on the first amendment was permissible because other means of expression remained open to the proponents of the measure. It disapproved as well the contention that the state is free to limit the right of initiative, since it is state-created. Nor was the Court persuaded by the argument that the payment ban was justified by Colorado's interest in assuring that an initiative has sufficient grassroots support to be placed on the ballot. The Court observed that such interest was adequately protected by the requirement that no initiative proposal might be placed on the ballot unless the required number of signatures (at least 5 percent of the qualified voters) was obtained. Finally, the Court, expressing an unwillingness to assume that a paid circulator would be more likely to falsely verify the authenticity of signatures than would be a volunteer, rejected the proposition that the ban served the state's interest in protecting the integrity of the initiative process.

It is to be noted that the Colorado statute involved in *Meyer* differs from § 32-705 in that, while the former prohibits the payment of " 'any money or other thing of value in

consideration of or as an inducement to the circulation of' " an initiative petition, 56 U.S.L.W. at 4516 n.1, the latter permits the payment of expenses. However, given the rationale employed by the U.S. Supreme Court in reaching its decision, it cannot be reasoned that this difference provides any basis for exempting the portion of § 32-705 at issue from the *Meyer* holding.

Accordingly, we must conclude that the portion of § 32-705 which reads, "Any circulator circulating petitions under sections 32-702 to 32-713 shall not be hired and salaried for the express purpose of circulating petitions," violates the first amendment and is for that reason void and of no force or effect.

We do not overlook the fact that Radcliffe raises a number of other issues bearing on the constitutionality of various aspects of the statutory scheme implementing the initiative power contained in this State's Constitution. Those issues, however, are not germane to the resolution of the issue presented by this appeal. It has long been the rule that this court will not pass upon the constitutionality of legislation absent a need to do so in order to properly dispose of an action. *Sommerfeld v. City of Seward*, 221 Neb. 76, 375 N.W.2d 129 (1985). Thus, we decline to pass upon the extraneous issues sought to be interjected. (For a treatment of some of the issues raised, see *State v. Monastero, ante* p. 818, 424 N.W.2d 837 (1988), decided today.)

EXCEPTION OVERRULED.