REQUESTED BY: Senator Loran Schmit, Nebraska State Legislature
LB 585 is a bill which would add requirements to the procedures involving the initiative process in Nebraska. Specifically, Section 1 of the bill would require the sponsor of record of an initiative which has been placed on the general election ballot to hold one hearing in each congressional district in the state prior to the general election. The sponsor would present the initiative at those hearings and receive public comments in support of or in opposition to the measure. Those hearings would be transcribed at the State's expense. Section 2 of LB 585 would require the sponsor of record of an initiative to submit the initiative petition to the Attorney General for review prior to filing it with the Secretary of State. The Attorney General would review the petition for possible ambiguity, confusing or misleading language, for conflicts with other laws, and other technical irregularities. The Attorney General would then issue a written opinion detailing his or her findings, and the Attorney General could make recommendations for change. The sponsors of record could amend the petition in conformance with the Attorney General's suggestions, although such an amendment would not be required.
You are concerned with the constitutionality of LB 585, and you have posed several questions for our review. We believe that the bulk of the bill is constitutional, and our analysis of your questions is set out below.
You first ask whether, under LB 585, the Legislature is trying to take over the initiative process "in violation of U.S. Supreme Court decisions on the subject." Although you have cited no specific cases to us, we assume that you refer to Meyer v. Grant, 486 U.S. 414 (1988).[1]
That case dealt with the constitutionality of forbidding paid circulators for initiative measures. We do not believe that either the mandated hearing or the submission to the Attorney General envisioned by LB 585 is impermissible under Meyer.
In the Meyer case, the Supreme Court considered the constitutionality of a Colorado statute which contained an absolute ban on the compensation of petition circulators. The Court indicated that circulation of a petition involves core political speech which is protected by the First Amendment. The Court went on to state that the refusal to permit the sponsors of the petition to pay petition circulators impinged on political expression in two ways:
 First, it limits the number of voices who will convey appellees' message and the hours they can speak and, therefore, limits the size of the audience they can reach. Second, it makes it less likely that appellees, will garner the number of signatures necessary to place the matter on the ballot, thus limiting their ability to make the matter the focus of statewide discussion.
 Meyer v. Grant, 486 U.S. at 422, 423. The Court held the Colorado statute unconstitutional.
In our view, neither the mandated hearing under LB 585 nor the review of initiative petitions by the Attorney General impinges upon free political expression. The hearing procedures under the bill would actually appear to increase the size of the audience that petition circulators could reach. The review by the Attorney General does not impact in any way on the contacts between petition circulators or sponsors and members of the public. Therefore, we believe that those aspects of the bill would be acceptable under Meyer.
We assume that your next question involves the propriety of the proposed regulation of the initiative process by LB 585 under our state Constitution. In other words, does the bill impermissibly burden the initiative process or impermissibly involve the Legislature in that process under pertinent state constitutional provisions. We believe that the main operative portions of LB 585 are constitutional.
Article III, Section 4, of the Nebraska Constitution provides, in pertinent part, "[t]he provisions with respect to the initiative and referendum shall be self-executing, but legislation may be enacted to facilitate their operation." This constitutional provision means that the Legislature can enact reasonable statutes to prevent fraud or to render intelligible the purpose of a proposed law or constitutional amendment. State v. Swanson, 138 Neb. 597, 294 N.W. 200 (1940). Any statute which tends to ensure a fair, intelligent, and impartial result on the part of the electorate can be said to facilitate the exercise of the initiative power. Id. Legislation which would hamper, unnecessarily obstruct, or impede the initiative process, on the other hand, would be unconstitutional. State ex rel. Ayres v. Amsberry, 104 Neb. 273,177 N.W. 179 (1920).
It appears to us that the mandated hearings and petition review by the Attorney General under LB 585 would help disseminate information on initiative petitions. Those procedures would further help to make the purpose of the proposed initiative more understandable. On this basis, we believe that the mandated hearings and petition review would help render intelligible the purpose of the proposed law or constitutional amendment. As a result, they would facilitate the initiative process, and they would be constitutional under Article III, Section 4, of the Nebraska Constitution.
We should note that Section 1, subsection (2) of LB 585 appears to require that petition sponsors must publish notice of the initiative hearings at their own expense. To the extent that requiring this expenditure might impede the initiative process, this provision could be unconstitutional.[2] This problem could be alleviated if the State were to pay publication costs in the same manner as transcription costs under LB 585.
Your final question involves a separation of powers problem. You are concerned that the language in subsection (3) of Section 1 of LB 585 stating that courts "shall" declare an initiative invalid if it does not meet the requirements of LB 585 would constitute an invasion of the powers of the judicial branch of government.
There is a presumption that the Legislature does not intend to do unconstitutional acts or to pass a law in an unconstitutional manner, and, where to construe a statute as mandatory would make it unconstitutional, such a construction will not be placed on the statute. Reed v. Wellman, 110 Neb. 166, 193 N.W. 261 (1923). Under such circumstances, "shall" will be construed as permissive rather than mandatory to avoid an unconstitutional result. Id.
In the present instance, we believe that courts would construe the apparent mandatory language of subsection (3) of Section 1 of LB 585 as permissive to the extent that it might otherwise be an unconstitutional violation of the separation of powers doctrine.[3] Consequently, this language would not create a constitutional problem for LB 585 under Article II, Section 1, of the Nebraska Constitution. On the other hand, we should note that we do have some concern regarding the constitutional validity of those portions of LB 585 which would allow a court to invalidate a petition after it was enacted by the people purely on the basis of a failure to comply with certain technical procedural requirements established by the Legislature.
Sincerely,
 DON STENBERG Attorney General
Dale A. Comer Assistant Attorney General 05-05-14.91
cc: Patrick J. O'Donnell Clerk of the Legislature
[1] The reasoning and holding in Meyer were also adopted by the Nebraska Supreme Court in State v. Radcliffe, 228 Neb. 868,424 N.W.2d 608 (1988).
[2] It also might present a problem under the Meyer case with respect to First Amendment concerns.
[3] This same rule would apply to apparent mandatory language directed at discretionary functions of executive agencies.