STATE OF NEBRASKA, APPELLEE, V.
ROBERT S. HANSEN, APPELLANT.
605 N.W.2d 461

Filed February 4, 2000. No. S-99-347.

James E. Schaefer, of Gallup & Schaefer, for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## BACKGROUND

Prior to passage of 1998 Neb. Laws, L.B. 309, trial courts in Nebraska could look back only 8 years, for purposes of sentence enhancement, to determine if a person convicted of driving under the influence (DUI) in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 1993) had previous DUI convictions. However, L.B. 309 amended § 60-6,196(2) such that courts may now look back 12 years to prior DUI convictions for enhancement purposes. That amendment went into effect on April 19, 1998.

Nearly 4 months later, on August 12, 1998, Robert S. Hansen was arrested for DUI. An information was filed in the district court for Sarpy County in which Hansen was charged with

fourth-offense DUI, a Class IV felony. On January 27, 1999, Hansen pled guilty to the charge of DUI.

After the district court accepted Hansen's guilty plea on January 27, 1999, an enhancement hearing was held during which the State offered three exhibits into evidence. Exhibit 1 was a certified copy of Hansen's conviction for DUI dated May 7, 1998. Exhibit 2 was a certified copy of a DUI conviction of Hansen, dated July 20, 1988, and exhibit 3 was a certified copy of a DUI conviction of Hansen, dated December 9, 1988. Hansen objected to exhibits 2 and 3, claiming that because the convictions were from 1988, more than 8 years had passed, and consideration of those convictions would be unconstitutional. Hansen argued that for the court to apply the 12-year look-back provision in newly enacted § 60-6,196 (Reissue 1998) would be an unconstitutional ex post facto application of the statute, since Hansen's previous convictions were already in existence when the statute was amended and would not have been considered under § 60-6,196 as it existed prior to amendment in 1998. Exhibits 2 and 3 were received over Hansen's objection, and he was convicted of fourth-offense DUI.

On March 12, 1999, a sentencing hearing was held, and Hansen was sentenced to 18 months of intensive supervised probation. Hansen timely appealed.

## ASSIGNMENT OF ERROR

Hansen's sole assignment of error is that the district court erred in finding Hansen guilty of fourth-offense DUI because Hansen's prior convictions were time barred from being used for enhancement purposes.

## STANDARD OF REVIEW

Whether a statute is constitutional is a question of law; accordingly, the Nebraska Supreme Court is obligated to reach a conclusion independent of the decision reached by the trial court. *State v. Torres*, 254 Neb. 91, 574 N.W.2d 153 (1998).

## ANALYSIS

Section 60-6,196 (Reissue 1998) provides, in pertinent part:

(2) Any person who operates or is in the actual physical control of any motor vehicle while [intoxicated] shall be guilty of a crime and upon conviction punished as follows:

. . . .
> (d) If such person (i) has had three or more convictions under this section in the twelve years prior to the date of the current conviction . . . such person shall be guilty of a Class IV felony . . . .

Hansen argues, citing *State v. Hirsch*, 245 Neb. 31, 511 N.W.2d 69 (1994), that because his two 1988 convictions were in existence when § 60-6,196 was amended and would not have been considered under § 60-6,196 as it existed prior to amendment, allowing consideration of those convictions under the new statute unconstitutionally expands the timeframe from which prior convictions can be considered and has the effect of giving the statute an ex post facto application. Hansen claims that once an offense becomes time barred, a later statute extending the period of limitations cannot revive the offense.

While the principle cited by Hansen is correct, it has no application because the use of the two 1988 DUI convictions is not time barred in the instant case, as the amended enhancement provisions of § 60-6,196 (Reissue 1998) had become effective nearly 4 months prior to Hansen's arrest on August 12, 1998. We considered a nearly identical contention in *State v. Steemer*, 175 Neb. 342, 121 N.W.2d 813 (1963), and our reasoning from that case is controlling. Elwood Steemer had been convicted in 1957 of driving on a suspended license in violation of Neb. Rev. Stat. § 60-418 (Reissue 1952). At that time, the penalty statute, Neb. Rev. Stat. § 60-430 (Reissue 1952), did not provide for an enhanced sentence for second offenses. Thereafter, the Legislature enacted Neb. Rev. Stat. § 60-430.01 (Reissue 1960), which provided for increased penalties against those who are convicted a second time for driving on a suspended license. See *State v. Steemer, supra.*

On October 9, 1962, Steemer was convicted for the second time of driving on a suspended license, and the trial court enhanced Steemer's penalty accordingly under § 60-430.01. On direct appeal, Steemer claimed that the consideration of his prior conviction via § 60-430.01 was unconstitutionally ex post facto. This court disagreed, explaining that "[t]he penalty for a second conviction was in existence when [Steemer] committed the second offense; it was not increased after his offense was

committed." *State v. Steemer*, 175 Neb. at 344, 121 N.W.2d at 815.

■ Likewise, the 12-year look-back provision was in existence in the instant case when Hansen committed his fourth-offense DUI, and the penalty therefore was not increased subsequent to his commission of the offense. Section 60-6,196, in effect at the time of Hansen's arrest in August 1998, provides a sentencing scheme under which an offender's punishment for DUI shall be increased in the event that same offender has been convicted of DUI in the 12 years prior to an instant conviction. See § 60-6,196 (Reissue 1998). The penalty provided in § 60-6,196 for a fourth-offense DUI was not increased *after* Hansen committed his fourth-offense DUI. Hansen was arrested for DUI 4 months after the amendments to § 60-6,196 became effective; therefore, the statute has not been applied in such a manner as to render it an ex post facto law. See *State v. Steemer, supra.* See, also, *Berry v. Wolff*, 193 Neb. 717, 228 N.W.2d 885 (1975).

■ As we said in *State v. Steemer*, 175 Neb. at 344, 121 N.W.2d at 815, § 60-6,196 is a "'statute [which] deals with offenses committed after its passage, permits an inquiry whether [Hansen] has previously [been convicted], and in fixing the penalty does not punish him for his previous offences (sic) but for his persistence in crime.'" (Quoting *Taylor v. State*, 114 Neb. 257, 207 N.W. 207 (1926).) In the instant case, Hansen is not receiving additional punishment for his previous convictions, but he is being penalized under the newly amended statutory scheme for persisting in committing the offense of DUI. Hansen's assignment of error is therefore without merit.

## CONCLUSION

We conclude that because § 60-6,196(2) (Reissue 1998) was in existence at the time Hansen committed the current offense, the district court's consideration of Hansen's DUI convictions from 1988 in no way results in an ex post facto application of the statute. We, therefore, affirm the judgment of the district court.

AFFIRMED.