COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Coleman
Argued at Richmond, Virginia


RONALD OLIVER SHEPPARD

                                 MEMORANDUM OPINION* BY
v.    Record No. 0204-01-2       JUDGE ROSEMARIE ANNUNZIATA
                                       FEBRUARY 26, 2002

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       William R. Shelton, Judge

              Graham C. Daniels (Todd M. Ritter; Daniels &
              Morgan, on brief), for appellant.

              Leah A. Darron, Assistant Attorney General
              (Randolph A. Beales, Attorney General, on
              brief), for appellee.


     Ronald Oliver Sheppard was convicted in a bench trial of

uttering a forged instrument in violation of Code § 18.2-172 and

sentenced to serve five years in prison, four years suspended.[1]

On appeal, he contends the evidence was insufficient to prove

his guilt beyond a reasonable doubt.  For the reasons that

follow, we reverse the conviction and dismiss the indictment.

     According to well established principles, we review the

evidence and all inferences that may be drawn from it, in the

--------

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] The trial judge found Sheppard not guilty of attempting to
obtain money by false pretenses, in violation of Code
§ 18.2-178.

light most favorable to the party prevailing below, the Commonwealth.  See Cooper v. Commonwealth, 31 Va. App. 643, 646, 525 S.E.2d 72, 73 (2000).  So viewed, the evidence shows that Sheppard went to the Rack and Sack grocery store on April 24, 2000 on Midlothian Turnpike in Chesterfield County and attempted to cash a check.  The check purported to be drawn on the Bank of America account of Regency Square Mall and to have been signed by its Vice President-Treasurer and was made out to "Omar Phelps."  In an effort to cash the check, Sheppard presented a forged driver's license issued in the name of "Omar Montel Phelps," but bearing Sheppard's photograph.

In accordance with store procedure, a store employee called Gerald Franklin, the store's loss prevention manager, to verify whether the check "was . . . good or bad."  Franklin telephoned Bank of America, the bank upon which the check had been written, and conveyed the information about the check that had been provided by the employee.  As a result of the conversation, Franklin advised Sheppard that the store would not cash the check.  Sheppard was detained, and the police were contacted. After receiving his Miranda rights, he told the police that a man named "Big . . . gave him the check and made the [driver's license] for him," shortly before he entered the store.  At trial, the Commonwealth did not present any witness from Regency Square Mall to prove that the signature on the check was false or that it had been fraudulently made to Omar Phelps.

-

Sheppard claims on appeal that the Commonwealth failed to prove beyond a reasonable doubt that the check was a forgery, a necessary element of the crime.  See In re Winship, 397 U.S. 358, 364 (1970) (holding that due process requires the prosecution to prove beyond a reasonable doubt every element necessary to establish the crime charged); Stokes v. Warden, Powhatan Correctional Center, 226 Va. 111, 117, 306 S.E.2d 882, 885 (1983).  We agree.

Code § 18.2-172 provides, in pertinent part:

> If any person forge any writing . . . to the prejudice of another's right, or utter, or attempt to employ as true, such forged writing, knowing it to be forged, he shall be guilty of a Class 5 felony.

Uttering, an independent criminal offense, is "an assertion by word or action that a writing known to be forged is good and valid."  Bateman v. Commonwealth, 205 Va. 595, 600, 139 S.E.2d 102, 106 (1964).  A conviction for uttering, therefore, must be predicated on proof that the instrument employed was forged. See id.  A writing is forged if it was "false[ly] ma[de] or materially alter[ed] with intent to defraud . . . [and] if genuine, might apparently be of legal efficacy, or the foundation of legal liability."  Fitzgerald v. Commonwealth, 227 Va. 171, 173, 313 S.E.2d 394, 395 (1984) (citations omitted).

The evidence does not show that the check was forged.  At best, the evidence shows that Sheppard attempted to pass the check, that the check was made payable to Omar Phelps, and that

-

the defendant falsely represented that he was Omar Phelps in attempting to cash the check. No evidence concerning the purported making of the check or the absence of authority to make or alter the check was admitted at trial. See Lewis v. Commonwealth, 213 Va. 156, 156-57, 191 S.E.2d 232, 233 (1972) (holding that lack of authority is an essential element of forgery, which the Commonwealth must prove beyond a reasonable doubt).

The Commonwealth argues, however, that the trier of fact reasonably inferred that Sheppard himself forged the check because Sheppard possessed a forged license in the name of Omar Phelps, which he obtained from "Big" who also supplied him with the check bearing that name. However, where the Commonwealth proceeds by circumstantial evidence, the conviction will be sustained only "'if the evidence excludes every reasonable hypothesis of innocence.'" McNair v. Commonwealth, 31 Va. App. 76, 86, 521 S.E.2d 303, 308 (1999) (quoting Higginbotham v. Commonwealth, 216 Va. 349, 353, 218 S.E.2d 534, 537 (1975)). Because the evidence proves only that Sheppard did not legally have the right to cash the check, it is equally likely that it was a valid check that was stolen as it is that it was forged. Therefore, to sustain Sheppard's conviction, the Commonwealth must exclude the reasonable hypothesis that the check was stolen, but not forged. See Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). The Commonwealth,

-

however, failed to present any evidence excluding this reasonable hypothesis of innocence.

Because there is no evidence in the record to exclude the hypothesis that the check was stolen, or to support the trial court's determination that the check was a forgery, we reverse Sheppard's conviction and dismiss the indictment.  See McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc).

Reversed and dismissed.

-