DOUGLAS COUNTY WELFARE ADMINISTRATION, APPELLEE,
v. ELLANORA PARKS AND MELVIN BUGGS, APPELLANTS,
IMPLEADED WITH NEBRASKA JOINT MERIT SYSTEM, AND
STATE OF NEBRASKA, DEPARTMENT OF PUBLIC
WELFARE, APPELLEES.

284 N. W. 2d 10

Filed October 2, 1979.   No. 42383.

John B. Ashford of Bradford & Coenen, for appellants.

John J. Reefe, Jr., for appellee Douglas County Welfare Administration.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

KRIVOSHA, C. J.
This is an appeal from an order of the District Court for Lancaster County, Nebraska, which found that the appellants, and each of them, had filed their appeals with the Joint Merit System Council of Nebraska out of time.  Our examination of the files and records in this case supports the action of the Dis-

trict Court and, accordingly, we affirm the judgment.

The appellants, and each of them, were hired by Douglas County Social Services on February 10, 1975, as child care attendants. Both employees were actually terminated on August 25, 1975, and received official notice of their termination on September 2, 1975. On October 1, 1975, the appellants filed a grievance with the Douglas County Social Services Administration requesting that they be reinstated. On October 27, 1975, the appellants were notified by memorandum from Michael Healy, Social Services Administrator, that due to the fact that they had been probationary employees at the time of their termination, they would not be accorded the right to file a grievance unless it could be shown that the dismissal was the result of union activity.

While the record is somewhat in dispute as to when the parties' initial probationary period terminated, for purposes of this appeal we need not concern ourselves with that fact.

Although both appellants were notified on October 27, 1975, that their appeal would not be heard by the Douglas County Social Services Administration, it was not until January 27, 1976, that the appellants forwarded a letter of appeal to the Joint Merit System Council of the State of Nebraska. The Merit System Director, on February 5, 1976, denied the appeal because it was filed out of time. Almost 1 year later, on January 12, 1977, the Merit System Director reversed his earlier decision and granted the appellants an appeal hearing.

On appeal to the District Court for Lancaster County, Nebraska, the court found that the granting of the second appeal was without authority because the appellants had filed their appeal more than 30 days after their dismissal. Rule 13(4)(a) of the Nebraska Joint Merit System provides: ''A permanent

employee who is dismissed, suspended, or demoted shall have the right to appeal to the Council not later than *thirty days* after the effective date of the dismissal, suspension, or demotion." (Emphasis supplied.)

Regardless of which date is considered as the date upon which dismissal occurred, it is clear that the appeal was not filed until long after the 30-day period and was clearly out of time. Generally, rules and regulations of an administrative agency governing proceedings before it, duly adopted and within the authority of the agency, are as binding as if they were statutes enacted by the Legislature. Likewise, procedural rules are binding upon the agency which enacts them as well as upon the public, and the agency does not, as a general rule, have the discretion to waive, suspend, or disregard, in a particular case, a validly adopted rule so long as such rule remains in force. This is true even though the adoption of the rule was a discretionary function, and plenary powers, or powers resting in the absolute discretion of an agency, may thus be rendered subject to procedural limitations. To be valid, the action of the agency must conform to its rules which are in effect at the time the action is taken, particularly those designed to provide procedural safeguards for fundamental rights. 2 Am. Jur. 2d, Administrative Law, § 350, p. 162; State ex rel. Ind. School Dist. No. 6 v. Johnson, 242 Minn. 539, 65 N. W. 2d 668 (1954); Havener v. Glaser, 251 N. W. 2d 753 (N.D., 1977); Iowa Civil Rights Com'n v. Massey-Ferguson, Inc., 207 N. W. 2d 5 (Iowa, 1973). In the absence of some evidence which justifies a minor deviation in the interest of justice, we see no reason not to follow this rule.

Appellants urge us to find that the Joint Merit System Council can waive its own rules with regard to filing for an appeal and hear such cases as it desires. Apparently this waiver is to be done on a case

by case basis. We find no authority for such a rule, nor any reason in this case to consider that the rule setting the time for appeal was not applicable, particularly where the unexcused delay was for more than 3 months at the very least.

In view of the fact that appellants failed to file their appeal in time, the Nebraska Joint Merit System Council was without authority to hear the appeal, and the action of the Douglas County Welfare Administration in discharging the appellants was final and binding. The attempt by the Joint Merit System Council to later give itself authority to hear the appeal was a nullity and of no force and effect. The trial court was correct in so holding.

Several other assignments are raised and argued. In view, however, of our disposition of this appeal, they need not be considered.

AFFIRMED.