MARGARET D. WEEKS, APPELLANT, V. STATE BOARD OF
EDUCATION OF THE STATE OF NEBRASKA ET AL.,
APPELLEES.

284 N. W. 2d 843

Filed October 30, 1979. No. 42325.

Steven D. Burns of Noren and Burns, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

This action originated from a grievance filed by the appellant, Margaret D. Weeks, against her employer, the State Department of Education. Weeks sought promotion to the position of supervisor of the Right to Read program. The position was filled by another woman not previously employed by the department. After a hearing before the State Board of

Education under procedural rules promulgated by that board, Weeks was denied both the promotion and the alternative relief she sought, an equivalent position together with pay benefits retroactive to December 29, 1976. Weeks appealed from the denial by the Board, purportedly under the provisions of the Administrative Procedure Act, to the District Court for Lancaster County. That court denied relief and issued a memorandum opinion giving various reasons for the denial.

Weeks has appealed to this court and makes the following contentions: (1) As an employee of the State Department of Education at the time the vacancy opened, she had a property interest in and entitlement to promotional opportunities under the provision of section II, C-3 of the personnel manual of the State Department of Education. This provision allegedly gave her a preferential right to the promotion over persons not then employed by the department. (2) She had a property interest in and a right to promotion under the Affirmative Action Plan promulgated by the department and was the victim of discrimination contrary to the provisions of the Affirmative Action Plan. (3) She was, under the Fourteenth Amendment to the United States Constitution, entitled to and did not receive due process in that a notice required by the above section of the personnel manual was not given to her. (4) The findings made by the State Board of Education were not sufficient to satisfy the requirements of section 84-915, R. R. S. 1943. (5) The various reasons given by the District Court for its decision were without merit. Included among these reasons was a finding that the policies purportedly established by the personnel manual were unconstitutional and in violation of public policy and Article VII, section 4, of the Nebraska Constitution, which section grants the State Board of Education power to appoint all employees of the State Department of Education

upon recommendation of the Commissioner of Education.

The Board defends on various grounds, including the following: (1) The matter before the Board was not a "contested case" as defined by section 84-901 (3), R. R. S. 1943, and therefore was not entitled to be appealed to the District Court on the provisions of section 84-917 (1), R. R. S. 1943. (2) The "rules" of the personnel manual were not shown to have been properly promulgated under the Administrative Procedure Act, were not offered or received in evidence, and are not contained in the bill of exceptions to this court. Furthermore, the rules in question are rules for internal management of the department and not rules and regulations within the meaning of the Administrative Procedure Act. (3) The Affirmative Action Plan of the department prohibits discrimination in employment, promotion, etc., only where such discrimination is founded on political or religious opinions or affiliations, race, age, sex, national origin, or physical disability. The record contains no evidence whatever that Weeks was the victim of discrimination in any of these respects.

We affirm the denial of relief to Weeks by the Board and the District Court, but in so doing approve only the results of the District Court's judgment and not its rationale.

The personnel manual rule upon which Weeks bases her claim to a property interest in a promotion does not appear in the bill of exceptions; nor was it offered or received in the District Court. It is not contended that the personnel manual was ever promulgated, approved, and filed in accordance with the provisions of the Administrative Procedure Act. §§ 84-902, 84-904, 84-905, 84-905.01, 84-906, R. R. S. 1943. If we assume, for the purposes of this appeal, that the contents of the personnel manual were rules and regulations within the meaning of section

84-901 (2), R. R. S. 1943, and not mere regulations for the internal operation of the department as the Board contends (a determination we need not make), then such rules did not become operative because they were not properly promulgated, approved, and filed. Administrative rules and regulations as defined by section 84-901 (2), R. R. S. 1943, of an administrative agency are not effective until promulgated, approved, and filed as required by statute. School Dist. No. 228 v. State Board of Education, 164 Neb. 148, 82 N. W. 2d 8.

Weeks contends that the personnel manual was a part of her employment contract. Brady v. Board of Trustees of Nebraska State Colleges, 196 Neb. 226, 242 N. W. 2d 616. If that be the case, then proof thereof was a matter of evidence and the manual should have been offered in evidence and included in the bill of exceptions. Evidence which does not appear in the record cannot be considered by this court on appeal. Hanson v. Hanson, 198 Neb. 675, 254 N. W. 2d 699; Lanc v. Douglas County Welfare Administration, 189 Neb. 651, 204 N. W. 2d 387.

The Board argues this case is not properly before the court for the reason that an appeal from the action of the State Board of Education under the provisions of the Administrative Procedure Act was not available because this is not a "contested case." Section 84-901 (3), R. R. S. 1943, provides: "Contested case means a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing." We need not decide whether or not the requirements for appeal of a contested case were satisfied. Weeks' petition in the District Court, together with process issued and served thereon, clearly satisfied the requirements of an action for a declaratory judgment. The District Court had jurisdiction to determine the rights of the parties under Weeks' contract of em-

ployment, which Weeks claims included, as a result of provisions of the personnel manual, the preferential right to the promotion previously mentioned. The availability of an appeal under the provisions of section 84-917 (1), R. R. S. 1943, does not prevent resort to other means of review, redress, or relief provided by law. We hold, therefore, the District Court and this court acquired jurisdiction and we treat the case as one for a declaratory judgment. See Brady v. Board of Trustees of Nebraska State Colleges, *supra*.

Underlying Weeks' claim to due process are the holdings of the Supreme Court of the United States in Board of Regents v. Roth, 408 U. S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548; Perry v. Sindermann, 408 U. S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570; and Bishop v. Wood, 426 U. S. 341, 96 S. Ct. 2074, 48 L. Ed. 2d 684. These cases hold that where a public employee has a property interest in continued employment he cannot be deprived of that interest without a due process hearing. However, whether or not such a property interest exists is determined by state law. Bishop v. Wood, supra. In Nebraska, such a property interest may arise from the terms of the employment contract or from employment policies, rules, and regulations which have become a part of the contract of employment. Brady v. Board of Trustees of Nebraska State Colleges, *supra*.

Weeks cites no cases in which we, or any other court, have had occasion to consider a preferential right to promotion as such a property interest. We will assume, for purposes of this appeal, that it is possible such an interest may arise. The proof in this case, however, does not permit such an interest to be found. Insofar as the provisions of the personnel manual are concerned, there was no proof either before the State Board of Education or the District Court and such evidence is not before this court. Weeks has clearly failed to prove any right arising

from the provision of the personnel manual. In fact, the record is clear that although the written grievance which she filed before the Board made reference to both the provisions of the personnel manual and the written Affirmative Action Plan which had been adopted by the Board, only the document establishing the Affirmative Action Plan was offered. All of the other evidence received was directed at establishing a right claimed under that plan.

An examination of the Affirmative Action Plan clearly indicates it was intended to eliminate discrimination in employment on account of political or religious opinion or affiliation, race, age, sex, national origin, or physical disability. The policy was enacted pursuant to Title IX, Equal Employment Opportunity Act—Education Amendment, 1972, and was directed solely to discrimination of the above types. The Affirmative Action Plan clearly does not purport to grant any preferential rights to present employees solely on the basis of present employment. The record does not contain any hint that hiring a female not previously employed by the department rather than giving a promotion to Weeks was based upon any of the discriminatory factors listed in the policy. Weeks has failed to prove any property interest in a promotion. The judgment is affirmed.

AFFIRMED.