REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature State Capitol, Room 1116 Lincoln, Nebraska 68509
Dear Senator DeCamp:
This is in response to your letter of June 28, 1985, concerning property taxes and sales taxes as they pertain to rental equipment. You note that you are considering legislation on this subject and ask specifically whether it is improper for property taxes to be levied and collected on property which is owned and rented by companies in the rental business, when these companies are also required to collect and remit sales tax on each rental transaction involving such equipment.
First, it should be noted that we are dealing with two completely separate and unrelated taxes, the property tax which is a tax levied on the value of the property itself, and the sales tax which is a tax on a transaction, in this case the rental of the property. The sales tax is levied by the state, whereas the property tax is levied by the county. In addition, the property tax is paid by the owner of the property, in this case the rental company, whereas the sales tax is paid by the person renting the property, and not the owner of the property in the rental business who merely collects the sales tax.
In the case of the sales tax, Neb.Rev.Stat. § 77-2702
(Reissue 1981), provides specifically that a sale for purposes of this tax shall include leases and rentals. There is thus no real question that the sales tax is required to be levied and collected on the rental of personal property.
When we examine the property tax on personal property, we find that most types of personal property have been exempted from taxation by Neb.Rev.Stat. § 77-202 (Reissue 1981). This section provides specifically that "business inventory" is exempt from the personal property tax. This in turn leaves the category of what is generally referred to as "business equipment" as taxable personal property. The statutes do not define either of these categories of personal property, but the Nebraska Department of Revenue, pursuant to its general authority to enact regulations to enforce the tax laws, has adopted regulations for this purpose. The original regulation was Reg-41-2(2) adopted on September 15, 1975, which defined business inventory "as goods held for sale in the manufacturing or merchandising business where the production, sale or purchase of merchandise is an income producing factor." It went on to say that "As a lease or rental is not a sale, goods held for lease or rental by a taxpayer cannot be included in business inventory." This regulation was recodified as Reg-42-003.02 in 1984. This regulation clearly places property which is owned and used by businesses engaged in the rental of such property in the category of "business equipment."
The rationale for such a classification appears to have been the fact that such property continues to be owned and "used" by the person engaged in that business, just as any other business would own and use other types of "business equipment" for the purpose of generating income in the operation of that business. This appears, on its face, to be a reasonable classification. "Classification for tax purposes may be based on the manner of conducting business, and business conducted in one manner may be tax differently from business conducted in another manner. The purpose for which property is kept or used has long been a recognized, if not a favorite, basis for distinction in taxation." Stahmer v. State, 192 Neb. 63 at 68, 218 N.W.2d 893 (1974).
Of course, a duly enacted regulation has the force and effect of law, and is as binding as if it were a statute enacted by the Legislature. Douglas County Welfare Administration v. Parks, 204 Neb. 570, 284 N.W.2d 10 (1979). Likewise, the courts have said that they will give considerable weight to the construction of a statute by the agency charged with enforcement of that law, particularly when the Legislature has failed to take any action over a long period of time to change such an interpretation. ATS Mobile Telephone, Inc., Omaha v. Curtin Call Communications, Inc.,194 Neb. 404, 232 N.W.2d 248 (1975), McCaul v. American Savings Co., 213 Neb. 841, 331 N.W.2d 795 (1983).
Thus, even though the Department of Revenue, has in effect, adopted a different definition of a sale for the purposes of the personal property tax than that used for the sales tax, there appears to be no impropriety in such treatment. As we have indicated, the two taxes are completely separate and unrelated, and the definitions applied to one tax need not necessarily be the same as the definitions applied in the case of another. Thus, the present system of taxing rental property and rental transactions is appropriate and enforceable, unless or until such time as the Legislature may wish to change the method of taxing such personal property.
Sincerely,
ROBERT M. SPIRE Attorney General