THOMAS NISSEN, APPELLEE, V. NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, APPELLANT.

602 N.W. 2d 672

Filed November 23, 1999.   No. A-98-1323.

Don Stenberg, Attorney General, and Therese N. James for appellant.

Thomas Nissen, pro se.

Irwin, Chief Judge, and Sievers and Carlson, Judges.

Carlson, Judge.

## INTRODUCTION

The Nebraska Department of Correctional Services (DCS) appeals from an order by the district court for Lancaster County, Nebraska, in which the court reversed a decision by the DCS Appeals Board (Appeals Board) and further ordered that any reference to the underlying disciplinary incident be expunged. For the reasons set forth below, we affirm.

## BACKGROUND

Thomas Nissen is an inmate in the custody of DCS, confined at the Lincoln Correctional Center (LCC), in Lincoln, Nebraska. On March 23, 1998, a misconduct report was issued against Nissen, charging him with violation of 68 Neb. Admin. Code, ch. 5, § 005I(C) (1994), which forbids "[a]ssault on another person which causes pain or bodily injury, threatened assault, fighting with another person resulting in serious bodily injury, or sexual assault." Specifically, the charge alleged that Nissen had thrown a stapler at a correctional officer, Major Rex Richard, striking Richard in the back. The misconduct report did not specify the degree of injury suffered by Richard, although in the

report, Richard alleged that "the blow . . . was hard enough to have caused serious injury had it landed on my face or head rather than hitting me in the middle of my back."

An institutional disciplinary committee (Committee) hearing was held on April 8, 1998. At that time, Nissen challenged the charge, asserting that because there was no showing or allegation that Richard had suffered any pain or bodily injury, the charge should be dismissed. Nissen was convicted and received a sanction of 60 days' disciplinary segregation and loss of 1 year of good time.

Nissen appealed to the Appeals Board. On May 1, 1998, the Appeals Board remanded the case to the Committee for a further factual determination as to whether Richard had suffered pain or bodily injury in the assault. The Committee held a second hearing on May 26. At that time, Richard testified that he had felt pain when struck by the stapler. The Committee again found Nissen guilty of the assault charge and again imposed the same sanctions. Nissen again appealed, and the Appeals Board again affirmed.

Nissen then appealed to the district court for Lancaster County, pursuant to the Administrative Procedure Act, §§ 84-901 through 84-920 (Reissue 1994 & Cum. Supp. 1998). On November 3, 1998, the district court reversed the decision of the Appeals Board. According to the district court,

> The court recognizes the Board may have authority, although none can be found in the rules and regulations contained in the record, to remand a case to a disciplinary committee for further proceedings to correct procedural irregularities; however, such authority should not be expanded to permit the Board to allow the presentation of further evidence to establish the . . . allegation(s) against an inmate. To do otherwise, is to involve the Board in the prosecution of an inmate, a totally unacceptable practice.

The district court ordered Nissen's good time restored and also vacated the order of disciplinary segregation. Finally, the court ordered DCS to "expunge from the . . . record any reference to the incident referred to in the [March 23, 1998,] Misconduct Report." DCS filed the instant notice of appeal on November 19.

## ASSIGNMENT OF ERROR

DCS makes a single assignment of error: The district court erred in ordering DCS to expunge any reference to the March 23, 1998, incident from its records.

## STANDARD OF REVIEW

In an appeal of this nature, a judgment rendered or final order made by a district court may be reversed, vacated, or modified on appeal for errors appearing on the record. § 84-918(3); *Lynch v. Nebraska Dept. of Corr. Servs.*, 245 Neb. 603, 514 N.W.2d 310 (1994). An appellate court has an obligation to reach an independent conclusion regarding matters of law, irrespective of determinations made by the court below. See *Dittrich v. Nebraska Dept. of Corr. Servs.*, 248 Neb. 818, 539 N.W.2d 432 (1995).

## ANALYSIS

DCS first argues that it is statutorily required to maintain the record of that incident. Neb. Rev. Stat. § 83-4,114.01 (Cum. Supp. 1998) provides:

> The chief executive officer *shall* maintain a record of breaches of discipline, of the disposition of each case, and of the punishment, if any, for each such breach. Each breach of discipline shall be entered in the inmate's file, *together with the disposition or punishment for the breach.*

(Emphasis supplied.) Neb. Rev. Stat. § 83-178(1) (Reissue 1994) provides that the director of DCS "shall establish and maintain, in accordance with the regulations of the department, an individual file for each person committed to the department. Each individual file shall include, when available and appropriate . . . (f) Reports of any disciplinary infractions and of their disposition."

After pointing out these statutory requirements, DCS then asserts:

> There is no provision, *express or implied*, in any of these statutes allowing removal from an inmate's records a disciplinary Misconduct Report or other document detailing disciplinary infractions, substantiated or not. Nor is there any provision allowing the expungement of the

Misconduct Report or other document *following reversal as to a guilty finding on appeal.*

(Emphasis supplied.) Brief for appellant at 6.

We disagree. As Nissen points out, DCS' own regulation, 68 Neb. Admin. Code, ch. 6, § 005 (1994), provides that records of disciplinary proceedings "shall be made and shall be maintained in the inmate's file jacket . . . *unless dismissed on appeal.*" (Emphasis supplied.) Although Nissen has not provided us with a copy of the regulations, we take judicial notice of them pursuant to 1999 Neb. Laws, L.B. 320. This legislative bill, which took effect on August 28, 1999, amended § 84-906.05 of the Administrative Procedure Act to provide that "[e]very court of this state may take judicial notice of any rule or regulation that is signed by the Governor and filed with the Secretary of State pursuant to section 84-906." Where, as here, an amendment to a statute makes a procedural change, it is binding upon a tribunal on the effective date of the amendment and is applicable to pending cases. *Stansbury v. HEP, Inc.*, 248 Neb. 706, 539 N.W.2d 28 (1995).

Because § 83-178 requires that files be maintained "in accordance with the regulations of the department," it is clear that by DCS' own regulations, records of disciplinary proceedings need not be maintained where, as here, the result of those proceedings is dismissed on appeal.

Properly adopted and filed agency regulations have the effect of statutory law. *Alexander v. Warehouse*, 253 Neb. 153, 568 N.W.2d 892 (1997). They are binding upon the agency which enacts them, and the agency does not have the discretion to waive, suspend, or disregard in a particular case a validly adopted rule. *Douglas County Welfare Administration v. Parks*, 204 Neb. 570, 284 N.W.2d 10 (1979). Accordingly, we are not swayed by DCS' argument that the order of the district court constitutes interference with the administration of prison security. If DCS believes that retaining such information is of critical importance, it should revise its own regulations, rather than asking the Court of Appeals to intervene.

## CONCLUSION

For the reasons set forth above, the November 3, 1998, order of the district court for Lancaster County is affirmed.

AFFIRMED.