REQUESTED BY: Annette L. Harmon, Executive Director Board of Public Accountancy
The Board of Public Accountancy ("the Board") has requested our opinion concerning the interpretation of Neb. Rev. Stat. § 1-162.01 with regard to which persons may be owners of firms engaged in the practice of public accountancy in this state. Specifically, the Board has asked whether a nonnatural person such as a professional corporation may be an owner of such a firm.
Neb. Rev. Stat. § 1-162.01 (Supp. 1999) begins as follows: "[N]otwithstanding the Nebraska Professional Corporation Act or the Public Accountancy Act or any other provision of law inconsistent with this section, firms may have persons as owners who are not certified public accountants or public accountants if the following conditions are met. . . ." Seven conditions are then listed.
One of the statutory requirements for non-CPA ownership of a firm is that such persons (the non-CPA owners) must actively participate in the business of the firm. Neb. Rev. Stat. § 1-162.01(7). This statutory provision ends with a direction to the Board to promulgate regulations for purposes of interpretation and enforcement of the provision. At 288 NAC 11-001.01 the Board has defined the term "actively participate" to mean the providing of personal services and has stated that "[N]onnatural persons and individuals whose primary source of income from the business entity is provided as a result of passive investment will not beconsidered as actively participating in the business entity." (Emphasis added.)
"Generally, rules and regulations of an administrative agency governing proceedings before it, duly adopted and within the authority of the agency, are as binding as if they were statutes enacted by the legislature." Douglas County WelfareAdministration v. Parks, 204 Neb. 570, 572, 284 N.W.2d 10, 11
(1979). Accord, Nucor Steel v. Leuenberger, 233 Neb. 863, 866,448 N.W.2d 909, 911 (1989) ("Agency regulations, properly adopted and filed with the Secretary of State, have the effect of statutory law."). As only natural persons are considered to actively participate in a firm according to the Board's own regulation, a professional corporation or other non-natural person could not qualify as the non-CPA owner of a firm under § 1-162.01.
If the Board no longer believes its exclusion of non-natural persons is appropriate pursuant to the statute directing that non-CPA owners must actively participate in the business of the firm, then the Board could seek to amend its regulations.
Sincerely,
 DON STENBERG Attorney General
Lynn A. Melson
Assistant Attorney General
Approved:
__________________________________ Attorney General