STATE OF NEBRASKA, APPELLEE, V. FREDRICK L. GRANT,
ALSO KNOWN AS FREDERICK L. GRANT, APPELLANT.

623 N.W.2d 337

Filed February 6, 2001.   No. A-99-1132.

Dennis R. Keefe, Lancaster County Public Defender, and Robert G. Hays for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

IRWIN, Chief Judge, and INBODY and CARLSON, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Fredrick L. Grant, also known as Frederick L. Grant, appeals his conviction of and sentence for fourth-offense driving while under the influence of alcoholic liquor (DUI). On appeal, Grant challenges the trial court's use of three prior offenses which were from 1987, 1988, and 1989 in enhancing the present DUI conviction to a fourth-offense conviction. Grant asserts that use of the prior offenses violates his due process rights because Nebraska statutes formerly provided that only convictions from the most recent 8 years could be used for enhancement and that the 8-year period had fully expired with respect to each of Grant's prior offenses before the Legislature amended the

enhancement provisions in 1998 to allow courts to look back 12 years for enhancement purposes. On appeal, the State asserts that Grant's poverty affidavit is insufficient to confer jurisdiction on this court. Because we find that we do have jurisdiction over the case and because we find that Grant's due process rights were not violated, we affirm.

## II. BACKGROUND

On July 29, 1999, Grant pled guilty to DUI and driving while his license was suspended. For purposes of this appeal, only the DUI plea and conviction are relevant. The factual basis presented by the State indicated that Grant was observed driving with broken taillights and swerving across lane lines on July 12, 1998. When the police officer made contact with Grant, she observed a can of beer in the console area of the vehicle and observed that Grant had red, watery, bloodshot eyes and that an odor of alcohol emanated from him. There were three passengers in Grant's vehicle, including two children, one 9 years old and one 2 years old. Grant subsequently failed field sobriety tests administered by the officer. Grant agreed to submit to a chemical test on an Intoxilyzer, which yielded a result of .151 grams of alcohol per 210 liters of breath.

On July 29, 1999, the court accepted Grant's plea and found him guilty of DUI. The court then proceeded to conduct an enhancement hearing on the DUI conviction. At the enhancement hearing, the State offered exhibits to establish three prior DUI offenses: a December 9, 1987, conviction, an October 17, 1988, conviction, and a March 20, 1989, conviction. Grant objected to each of the prior convictions on the basis that the use of each was time barred after 8 years had passed and that any attempt by the Legislature to expand the period for using prior convictions violated Grant's due process rights. The court overruled the objections, received the evidence of the prior convictions, and found that Grant had been three times previously convicted of DUI.

On August 26, 1999, the court sentenced Grant to 20 months' to 5 years' imprisonment on the fourth-offense DUI conviction and also ordered that his driver's license be suspended for 15 years. On September 20, Grant filed a notice of appeal, a motion

for leave to proceed in forma pauperis, and an affidavit in support of the pauperis motion. The affidavit purports that it was being made "pursuant to Neb. Rev. Stat. § 29-2306 (Reissue 1995)" and asserts that "[b]ecause of [his] poverty, [Grant is] unable to pay the costs of this appeal." The State has challenged this court's jurisdiction because Grant "failed to include statements required by Neb. Rev. Stat. § 25-2301.01 (Supp. 1999) in his affidavit in support of his motion to proceed in forma pauperis." Brief for appellee at 1.

## III. ASSIGNMENTS OF ERROR

On appeal, Grant assigns five errors. Restated, these assignments of error all assert that the district court erred in receiving the exhibits used for enhancement of Grant's conviction from DUI to fourth-offense DUI, that the court accordingly erred in convicting Grant of fourth-offense DUI instead of first-offense DUI, and that the court accordingly imposed an excessive sentence.

## IV. ANALYSIS

### 1. JURISDICTIONAL QUESTION

■ Whether a question is raised by the parties concerning jurisdiction, it is not only within the power but the duty of an appellate court to determine whether such appellate court has jurisdiction over the subject matter. *State v. Schmailzl*, 248 Neb. 314, 534 N.W.2d 743 (1995). As such, we are compelled to address whether Grant's affidavit was sufficient to vest this court with jurisdiction.

Prior to legislative changes in 1999, Neb. Rev. Stat. § 29-2306 (Reissue 1995) provided that "[i]f a defendant in a criminal case files . . . an affidavit with the clerk of the district court that he or she is unable by reason of poverty to pay the costs, then no payment of the docket fee shall be required of him or her." Section 29-2306 further provided that "[i]f such affidavit is filed, the Court of Appeals or Supreme Court shall acquire jurisdiction of the case when the notice of appeal is filed with the clerk of the district court." As noted above, Grant's affidavit purported to be filed pursuant to these provisions.

■ In 1999, however, the Legislature enacted amendments to the statutes governing the filing of in forma pauperis proceed-

ings. See 1999 Neb. Laws, L.B. 43 and L.B. 689. Specifically, the Legislature amended § 29-2306 (Cum. Supp. 2000) to provide that a defendant in a criminal case must file "an application to proceed in forma pauperis in accordance with sections 25-2301 to 25-2310" to be free of the requirement of filing a docket fee to vest the appellate court with jurisdiction. See L.B. 689, § 13. Neb. Rev. Stat. § 25-2301.01 (Cum. Supp. 2000), created by L.B. 689, § 3, provides the requirements for the affidavit in support of an applicant's motion to proceed in forma pauperis. Section 25-2301.01 indicates that the application "shall include an affidavit stating that the affiant is unable to pay the fees and costs or give security required to proceed with the case, *the nature of the action, defense, or appeal, and the affiant's belief that he or she is entitled to redress.*" (Emphasis supplied.) These legislative changes took effect on August 28, 1999. See Neb. Const. art. III, § 27. Because Grant did not file his notice of appeal or his poverty affidavit until September 20, 1999, his appeal is governed by the statutes as they appear after the 1999 legislative changes. See, *Cheloha v. Cheloha*, 255 Neb. 32, 582 N.W.2d 291 (1998); *Stansbury v. HEP, Inc.*, 248 Neb. 706, 539 N.W.2d 28 (1995); *Nissen v. Nebraska Dept. of Corr. Servs.*, 8 Neb. App. 865, 602 N.W.2d 672 (1999) (all indicating where amendment to statute makes procedural change, it is binding on effective date).

As noted above, in the present case, Grant's affidavit indicated that he was unable to pay the costs required to proceed with the case. However, the affidavit does not state the nature of the action, defense, or appeal or Grant's belief that he is entitled to redress. As such, the question presented to us is whether Grant's failure to include this information constitutes such a deficiency that this court is not vested with jurisdiction.

The Nebraska Supreme Court has recently held that challenges to the ability of a defendant to proceed in forma pauperis are to occur in the district court, that the district court is charged with the responsibility of granting or denying the motion to proceed in forma pauperis, and that the absence of language in a poverty affidavit stating the nature of the action and that the affiant is entitled to redress will not divest an appellate court of jurisdiction if in forma pauperis status is granted by the district

court. *State v. Dallmann*, 260 Neb. 937, 621 N.W.2d 86 (2000). As such, despite the State's assertions to the contrary, we find that we do have jurisdiction to hear the merits of Grant's appeal.

### 2. DUE PROCESS QUESTION

On appeal, Grant's assignments of error are all based upon the premise that his due process rights are violated by using the new legislative provisions governing the "cleansing period," or how far a court may look back in enhancing a DUI conviction. Specifically, Grant asserts that because Neb. Rev. Stat. § 60-6,196 (Reissue 1993), as it existed prior to legislative changes in 1998, provided that courts could look back only 8 years in determining whether a DUI conviction could be enhanced, and because the 8-year period had expired on each of his prior convictions before the Legislature amended § 60-6,196 in 1998, he gained a "vested due process right" not to have the prior convictions used for enhancement. Brief for appellant at 7.

In the context of ex post facto considerations, the Nebraska Supreme Court has addressed the propriety of courts using convictions for which the old 8-year cleansing period had fully expired prior to the legislative amendments expanding the cleansing period to 12 years. See *State v. Hansen*, 258 Neb. 752, 605 N.W.2d 461 (2000). In *State v. Hansen*, the Supreme Court held that the legislative amendments to § 60-6,196 (Reissue 1998) did not constitute an ex post facto violation where the amendments went into effect prior to the defendant's current arrest. While the court held that ex post facto protections were not impinged, the court was not asked to and, therefore, did not address whether a defendant could be held to have a substantive due process right not to have his prior convictions used for enhancement.

The present inquiry concerning due process is a distinct issue from the ex post facto analysis. See *Weaver v. Graham*, 450 U.S. 24, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981). The U.S. Supreme Court has recognized that a law need not impair a vested right to violate ex post facto considerations. *Id.* Ex post facto analysis is concerned with retrospective application of criminal or penal laws, whereas due process is concerned with the presence or absence of affirmative, enforceable rights. See *id.* The question thus becomes whether Grant can establish the

presence of an affirmative, enforceable right such that due process is implicated by the legislative change in the DUI look-back provisions.

In support of his contention that due process rights are implicated, Grant cites us to case law indicating that a person has a vested due process right to be free from suit after the completion of a statutory bar or statute of limitations. See, *State v. Hirsch*, 245 Neb. 31, 511 N.W.2d 69 (1994); *Givens v. Anchor Packing*, 237 Neb. 565, 466 N.W.2d 771 (1991). These cases, however, are distinguishable from the present case in that they concern statutes of limitations for when an action can be commenced against a particular person, as opposed to the present situation which concerns only when a person's punishment for committing a crime can be enhanced.

The statutes of limitations cases and the rule that once an offense becomes barred a later statute extending the period of limitations cannot revive the offense are premised on the notion that it is unfair and dishonest to assure a person that he has become safe from pursuit for an offense he committed only to later withdraw the assurance. See *State v. Hirsch, supra*. As such, our Supreme Court has recognized that an accused acquires a vested right to be free from suit when a statute of limitations has expired, such that a later statute extending the statute of limitations is not permissible. *Id.* On the contrary, enhancement provisions such as § 60-6,196 deal solely with the present offense committed after their passage, permit an inquiry whether the defendant has previously been convicted of a particular offense, and in fixing the penalty for the current offense, do not punish him for the previous offenses but for his persistence in committing criminal acts. See *State v. Hansen, supra*. The focus of statutes of limitations is on bringing an action to punish the stale offense, whereas the focus of enhancement statutes is on fixing the punishment for the current offense. See, also, *State v. Lee*, 251 Neb. 661, 666, 558 N.W.2d 571, 575 (1997) ("charge under a recidivist statute, such as those used in enhancement proceedings, does not state a separate offense, but goes to punishment only").

Grant asserts that although ex post facto considerations are not implicated by the legislative amendments to the enhance-

ment statute, due process rights are implicated. However, Grant offers no authority or case law to support the assertion that an amendment to extend the cleansing period in a DUI enhancement statute implicates vested due process rights. As the State notes on appeal, Grant's assertion amounts to an argument that Grant was relying on the old cleansing period "to determine when he could again violate the law of the State of Nebraska without fear of enhancement of the penalty for a current conviction." Brief for appellee at 13. Indeed, other courts have held that such cleansing periods are not required at all by due process, but are merely statutory rules constituting self-imposed restraints on the State's plenary power to define and punish crimes. See *State v. Rolen*, 662 So. 2d 446 (La. 1995).

Grant has provided us no authority, and we are aware of none, which would " 'require interference with the broad discretion of the legislature in setting up a system of punishment specifically designed to combat certain types of offenses.' " *Id.* at 449-50. Because we do not find that Grant acquired any vested right as a result of the old cleansing period being fully satisfied prior to the statutory amendments at issue, we find that the amendments do not violate any due process rights Grant alleges to have. Accordingly, Grant's assertion that the prior convictions should not have been received into evidence because they were violative of due process is without merit, as is his assertion that the trial court erred in finding him guilty of fourth-offense DUI and imposing a sentence within the statutory limits for fourth-offense DUI.

### V. CONCLUSION

Finding no merit to Grant's assertions of due process violations, we affirm the conviction and sentence of the trial court.

AFFIRMED.